the owner, but simply to become the owner himself of an interest in these premises. He got nothing by the investment which he made. It may be that he might recover back the money which he has paid upon this void sale, although that is doubtful. Coffin v. City of Brooklyn, 116 N. Y. 159, 22 N. E. 227; 25 Am. & Eng. Enc. Law, 719, and cases cited. But the money which he paid was not for the benefit of the owner. It did not relieve him from the payment of the tax, nor did it relieve the lands from the incumbrance; and, so far as the owner and the city were concerned, the situation remained precisely as it was before. No reason can be perceived why the city should be made liable to pay back the money which was received on a valid tax, because it has previously received other money upon an illegal sale of the taxed premises, and may possibly be liable to pay back the money so received to the person who paid it or his assignee.

The judgment must be affirmed, with costs.

VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ., concur. WILLIAMS, J., concurs in result.

---

(3 App. Div. 219.)

ZIMMERMANN v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, Second Department. April 7, 1896.)

1. RECORD ON APPEAL.
Where a reversal is sought on a question of law only, no certificate that the case contains all the evidence is necessary.

2. STREET RAILWAYS—ACCIDENTS AT CROSSINGS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
Where defendant's trolley car was 150 yards from a street crossing when the wagon in which plaintiff's intestate was riding, as the driver's guest, reached the track, and the driver drove across at a walk, the car striking the vehicle before it had cleared the track, throwing out and killing intestate, the question of defendant's liability was for the jury.

3. SAME—RIGHT OF WAY AT CROSSINGS.
A street car has no paramount right of way at street crossings.

Appeal from circuit court, Kings county.

Action by Philip Zimmermann, as administrator of Lawrence Zimmermann, deceased, against the Union Railway Company of New York City, to recover damages for the death of plaintiff's intestate. From a judgment for defendant, entered on a verdict directed by the court, plaintiff appeals. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Ralph Hickox, for appellant.
William N. Cohen, for respondent.

CULLEN, J. A preliminary objection is made that we cannot review the decision of the trial court granting a nonsuit, because the record before us does not show that the case contains all the evidence. The statement in the record is that the case contains all

the testimony taken on the trial. Assuming that the term "testimony" is not the equivalent of "evidence," as has been held in the First department, which, however, we are not prepared to concede, it does not affect the question before us. As the plaintiff seeks review of a question of law only, no certificate that the case contains all the evidence is necessary. Halpin v. Insurance Co., 118 N. Y. 165, 23 N. E. 482; O'Malley v. Railway Co. (Sup.) 38 N. Y. Supp. 456.

The evidence on the trial tended to show that the plaintiff's intestate was riding in a wagon, with three other men, on the Southern Boulevard, across Boston avenue, upon which latter street the defendant operated a trolley railroad. The wagon was driven by one Madden, and the deceased was riding in it as Madden's guest. When the wagon reached the railroad, the trolley car was approaching the crossing, being then at a distance of some 150 yards from it. Madden slowed his horse to a walk, and proceeded across the tracks. Before he had cleared the tracks, the trolley car struck the hind wheel of the wagon, and overturned it. The deceased was thrown out and killed. We think that these facts presented a proper case to be submitted to the jury to pass upon. The wagon was being driven across the railroad, not within its tracks. The defendant's car had no paramount right of way at the crossing. O'Neil v. Railroad Co., 129 N. Y. 125, 29 N. E. 84. The distance from the car to the crossing, at the time Madden sought to cross, was such as to enable the wagon to pass safely if the defendant's car had been properly managed; and this Madden and the deceased had a right to expect. The wagon was prior in time at the crossing, and therefore prior in right. The driver was not bound to get out of the way of the car, nor can it be said to be negligence on his part that he proceeded to cross at a walk. There are doubtless some improbabilities in the testimony given by plaintiff's witnesses. These were for the consideration of the jury. They were not such or so gross that the court could say as a matter of law that the truth of the narrative was impossible. On the facts testified to, the case falls within that of Buhrens v. Railroad Co., 53 Hun, 571, 6 N. Y. Supp. 224; and the question of contributory negligence was for the jury.

The judgment appealed from should be reversed, and a new trial ordered; costs to abide the event. All concur.