WILLARD BARTLETT, J.
The plaintiff in this action did not sustain the burden which the law placed upon him of proving his own freedom from contributory negligence. The accident which gave rise to the suit occurred on Fulton 'avenue, near Throop avenue, in the city of Brooklyn, on the 29th day of September, 1894, at about 9 o’clock in the evening. The plaintiff had been driving-in a buggy along the south side of Fulton avenue, in an easterly direction. When he reached a point about 75 or 80 feet from Throop avenue, he turned his horse to the left, so as to cross the tracks of the defendant’s railroad diagonally, and get into that street, which runs out of Fulton avenue on the north, but does not cross it. His horse was walking. At the same time, a car of the defendant’s was coming down Fulton avenue on the north track, having reached a point about 75 feet the other side of Throop avenue. The plaintiff himself did not testify definitely as to these distances, but the figures were given by the principal other eyewitness of the accident. They show that when the plaintiff started his horse at this slow rate, in a diagonal direction, across the track upon which was the approaching car, his buggy and the car must have been about 150 feet apart. The car was brightly illuminated by a headlight in-front and electric lights within, and was in plain view of the plaintiff, who saw it distinctly, there being no other vehicles on the-block. He testified that he thought he had lots of time to cross. In fact, however, the car collided with his buggy when he had gone only “the distance of two houses in this diagonal direction.” We think these circumstances point clearly to his own imprudence asoné of the causes contributing to the collision. He does not appear to have given any sign to the motorman on the defendant's car to indicate that he meant to turn into Throop avenue, and that, intention could hardly have been made manifest in the short time during which he pursued his diagonal course before the accident occurred. To start in such a direction, with his horse at a walk, and the approaching car only 150 feet distant, was to invite disaster, unless he took some efficient means to let the motorman know where he proposed to go. The case is not like that of a vehicle driven along a cross street at right angles over a railroad track in the intersecting street There the passage of trucks,, wagons and carriages of various kinds is to be expected, and persons operating the railroad cars must be watchful to avoid them. But Throop avenue does not cross Fulton avenue, and the defendant’s motorman was not bound to anticipate that the driver of a buggy, in order to get into that street, would drive diagonally onto the track, towards his approaching car, at a dangerously short distance from it, and without any notice. The plaintiff’s act may be compared to that of a mariner whose vessel is run down because he has not given himself room enough when he undertakes to sail across the bows of another craft. Such experiments are perilous, and apt to result in misfortune.
The judgment and order appealed from must be reversed, and a new trial granted, with costs to abide the event All concur.