table interest of the Moore heirs, as was held by the prior decision; and it was necessary for Callaghan, in order to perfect his legal title, to get from the heirs of Moore a conveyance of the naked legal title, which apparently remained in them after the sale to Motley. This he did before the deed to Norton was recorded. When he obtained it, he knew of this adverse claim of Therasson's because he was the attorney for the defendants in the action brought by Therasson to enforce it. He was not therefore a bona fide purchaser so far as Therasson was concerned. But there is no evidence or pretense that he bought this property with the intention of defrauding Therasson, or getting any advantage over him, nor is there any suggestion of that kind in the plaintiff's moving papers. On the contrary, the almost necessary inference is that Callaghan was simply the actor in an effort to buy in this apparently outstanding title, for the purpose of protecting Therasson's apparently defective title, and for his benefit. Therefore no actual bad faith can be imputed to Callaghan, and there is no reason why it should be said that he was not a bona fide purchaser as to the other titles of which he knew nothing.

These considerations dispose of this motion, because the new evidence of the plaintiff, as disclosed in the moving papers, is not effectual to attack the good faith of Callaghan or Motley, and thereby deprive them and the defendant, as their grantees, of the benefit of the recording act. For these reasons, the motion should have been denied. The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion for a new trial denied, with costs. All concur.

---

## BROZEK v. STEINWAY RY. CO.

(Supreme Court, Appellate Division, Second Department.   November 20, 1896.)

STREET CARS—INJURY TO PERSON CROSSING TRACK.

    Negligence and contributory negligence are questions for the jury where a person, in the daytime, attempted to drive a vehicle across a track, 40 or 50 feet in front of an electric car which was approaching at the rate of 8 to 12 miles an hour, and was injured by the car.

Appeal from trial term, Kings county.

Action by Barbara Brozek, as administratrix of Alois Brozek, deceased, against the Steinway Railway Company, to recover damages for the death of plaintiff's intestate. The complaint was dismissed, and plaintiff appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

F. W. Catlin, for appellant.

Albert E. Lamb, for respondent.

BRADLEY, J. The plaintiff's intestate, in his wagon, proceeding to turn from Jackson avenue into Honeywell street, in Long Island City, was, by the collision with it of the defendant's car on

the avenue, thrown from the wagon, and received an injury resulting in his death. The inquiry here is whether the evidence was such as to present questions of fact for the jury, or those of law only. The latter view was taken by the trial court, and the complaint was dismissed.

The burden was with the plaintiff to prove that the accident was attributable to the negligence of the defendant, and without negligence on the part of her intestate. He was in his bakery covered wagon, drawn by one horse, which he was driving. He occupied the right-hand side of the seat. Left of him, on the same seat, was his son. There were sliding doors on either side, and a window in front. They were open. There was no opening in the rear end of it. The deceased had for some distance driven along Jackson avenue westerly, on the north side of the defendant's railway tracks, until he reached Honeywell street, into which he proceeded to turn southerly, to go to his home. In doing so he had to cross the two tracks of the railroad. His horse had got across the first track, and his wagon had nearly got over, when its near-side hind wheel was struck by the car, with the result before mentioned. The car was approaching in the same direction he had proceeded to the street crossing. It does not appear by the evidence that he saw the car. The son did not see it, nor did he look out in the direction from which it came when the wagon turned to cross over the track. And his evidence is to the effect that his father was looking out to the right, while the car could be seen only by looking to the left. The only occasion for looking to the right was to see whether any car was approaching from the west on the second track. The evidence tended to prove that the decedent could have looked easterly, through the open door on that side of the wagon, after it turned to go into Honeywell street, but it does not appear that he did so. It is very likely that for this reason the trial court entertained the view that there was a failure of proof that he was free from contributory negligence. This view would be supported if he had, under like circumstances, been crossing steam railway tracks. While freedom from contributory negligence is no less requisite in passing over a trolley road, like the one in question, than in proceeding to cross the tracks of a steam railroad, what may be negligence in the latter may not in the former. The distinction is in the fact that the trolley car is more subject to the control of the person operating it than is the train drawn by a steam engine. The one can, if the machinery is in order, be stopped in a short distance, and is therefore more suitable for use in the streets of cities. And for that reason it is held that, as between trolley cars and other vehicles on the streets, there is no superior or paramount right of either at street crossings on which is the line of the railway. There care to avoid collision must be exercised by both the car and the other driver. Buhrens v. Railroad Co., 53 Hun, 571, 6 N. Y. Supp. 224; Id., 125 N. Y. 702, 26 N. E. 752; Zimmerman v. Railway Co., 3 App. Div. 219, 38 N. Y. Supp. 362; Smith v. Railway Co., 7 App. Div. 253, 40 N. Y. Supp. 148; O'Neil v. Railroad Co., 129 N. Y. 125, 29 N. E. 84. While the cars are necessarily confined to the tracks, other

vehicles are not thus restricted in their movements, and the latter cannot, without culpable negligence, be voluntarily driven upon a railroad track in such proximity to an approaching car as to give apprehension of danger of collision. This restriction in the line of movement of cars is therefore entitled to such consideration as that necessity fairly requires of others in crossing the streets where such a railway is located and operated.

In the present case the conclusion was warranted by the evidence that the defendant's car was moving at the rate of 8 to 12 miles per hour up to the time of the collision, and that, when the plaintiff's intestate proceeded to cross the track, and his horse stepped onto it, the car was from 40 to 50 feet from that place. If that were so, could it be said, as matter of law, that the intestate would have been chargeable with negligence in driving upon the track if he had seen the car that distance away? Unless it would have been imputable to him in such case, it is difficult to see that he should have been charged with negligence in proceeding, as he did, to cross the track. A trolley car is supposed to be under the reasonable control of the motorman; and persons with vehicles passing over the railroad tracks at street crossings may assume that care will be used to reduce the speed of cars when at sufficient distance from a passing team to permit it, so as to enable the vehicle to get out of the way. Otherwise, it evidently would at times not only be inconvenient, but quite dangerous, to drive at crossings on streets of a city in which such railways are operated. The view taken of this case is that the evidence was such as to present to the jury the question of fact whether or not the defendant was chargeable with negligence in not decreasing the speed of the car, when the motorman should have seen that the intestate was crossing the track, and, in view of the distance from him when he proceeded to cross, and of all the circumstances, whether negligence was imputable to him in doing so. The time when this occurred was on a clear day in June, about 2:30 o'clock in the afternoon. The way was clear for the motorman to see the movement of the wagon, and for the deceased to see the car; and, if the car was far enough away when the deceased proceeded to cross the track to reasonably enable the motorman to abate the speed of the car so as to avoid the collision, the jury would have been warranted in the conclusion, not only that negligence was attributable to the defendant, but, for the same reason, unless other circumstances intervened, that the plaintiff's intestate was free from contributory negligence. Timony v. Railroad Co. (City Ct. Brook.) 30 N. Y. Supp. 1071; Id., 145 N. Y. 648, 41 N. E. 90.

We have examined the many cases cited by the learned counsel for the defendant, and none of them, in the view taken of the facts upon which they were determined, support his contention that there was no evidence in the present case to support a verdict for the plaintiff. The questions essential to the maintenance of the action were those of fact, and should have been submitted to the jury.

It follows that the judgment should be reversed, and a new trial granted, costs to abide the event. All concur.