537, it was held that an action brought promptly upon the expiration of 60 days from the adjustment of loss was not barred because commenced more than 6 months after the loss occurred. The court, at page 547, said:

"And where the parties, in good faith, but without any objection that unnecessary time is taken for the purpose, are occupied so long in adjusting proofs that sixty days from the date of adjustment will not expire within the six months, the policy does not become forfeited merely because the suit is not brought within the six months, and before the loss is payable."

And in Holladay's Adm'r v. Phenix Ins. Co., 7 U. S. App. 325, 2 C. C. A. 463, and 51 Fed. 715, the court held that any other construction would make the provision of the policy an instrument of fraud.

The defendant's counsel contended that the delay was caused solely by the fault of the plaintiff, that her counsel undertook to force the construction of the appraisement clause upon the defendant and the appraisers, and that the refusal of one or more of the appraisers to act under this erroneous construction unjustly delayed the completion of the appraisement. We express no opinion upon the question whether the counsel's advice was or was not correct. It is sufficient to say that the appraisers were not concluded in the performance of their work by the opinion of the plaintiff's counsel. They could have disregarded his opinion and proceeded with their work; leaving the questions of law to the determination of a proper tribunal, whenever presented. It is not necessary to review any other questions than those which have been considered in this opinion, to necessitate the reversal of the judgment.

The judgment and order are reversed and a new trial granted. All concur.

---

(16 App. Div. 83.)

BRESKY v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, Second Department.   April 26, 1897.)

STREET RAILROADS—RIGHT IN STREET NOT PARAMOUNT.
    A street railroad has not a paramount right of way in the street.

Appeal from trial term, Kings county.

Action by Morris Bresky against the Third Avenue Railroad Company for personal injuries. From a judgment entered on a verdict in favor of plaintiff for $295.70, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Edgar M. Johnson, for appellant.
Walter K. Barton, for respondent.

GOODRICH, P. J.   On July 11, 1896, the plaintiff, who was a dealer in glass was driving a wagon containing several large cases of glass from Baxter street across the track of the defendant in Park Row, to go through Roosevelt street, which is, in effect, a continuation of Baxter street.   He stopped to let a downtown car pass, and then,

looking up and down, saw an uptown car coming, about a block be-low, and started to cross the track.    There was evidence tending to prove that before his back wheels had crossed the uptown track his horse became frightened, stopped, and commenced to balk so that the plaintiff was unable to start him; and that, while in this position, the plaintiff saw the uptown car quite a distance away, and signaled the gripman to stop, but that the car continued its speed, and struck the wagon, injuring the plaintiff, and breaking the wagon and most of the glass.    The defendant offered testimony to show that the plain-tiff tried to cross the track diagonally, before doing which he stopped; the car also having stopped; that the plaintiff started again, and tried to get across in front of the car, which was then in motion; that the gripman tried to stop, but was then unable to do so.    The court ex-cluded from the question of damages the injuries to the wagon and glass, as no evidence had been offered in respect thereto, and submit-ted the questions of negligence and the amount of personal damage to the jury.    On the evidence, this submission was proper, as there was conflicting evidence, and the verdict will not be disturbed.

The defendant excepts to the following clause of the charge:    "In law, these parties were on equal terms in the street.    One had the right to go along the street, and the other had the right to cross it." The correctness of this proposition of the learned judge is abundantly sustained by authority.    In Buhrens v. Railroad Co., 53 Hun, 571, 6 N. Y. Supp. 224, affirmed by the court of appeals (125 N. Y. 702, 26 N. E. 752), it was held that, while street railways have certain rights of way upon the street, yet "in respect to those points where their car tracks cross other streets there is no reason and no necessity for giving to vehicles of this description any such exclusive right.    Their use of the streets at such points is of precisely the same nature and char-acter as that of other vehicles, and their rights to the streets and the use thereof in respect to other vehicles are precisely the same as those of such other vehicles.    There is no necessity for adjudging to them any right of way, as their construction and method of propulsion is in no greater respect interfered with, under such circumstances, than are those of other vehicles."    To the same effect are the cases of Zim-merman v. Railroad Co., 3 App. Div. 219, 38 N. Y. Supp. 362, and O'Neil v. Railroad Co., 129 N. Y. 125, 29 N. E. 84, in the latter of which the court said:

"As the cars must run upon the tracks, and cannot turn out for vehicles drawn by horses, they must have the preference, and such vehicles must, as they can, in a reasonable manner, keep off from the railroad tracks, so as to permit the free and unobstructed passage of the cars.    In no other way can street railways be operated.    As to such vehicles, the railways have the para-mount right to be exercised in a reasonable and prudent manner.    But a rail-way crossing a street stands upon a different footing.    The car has the right to cross and must cross the street, and the vehicle has the right to cross and must cross the railroad track..    Neither has a superior right to the other. The right of each must be exercised with due regard to the right of the other, and the right of each must be exercised in a reasonable and careful man-ner, so as not unreasonably to abridge or interfere with the right of the other."

Of the cases cited by the learned counsel for the defendant, Fenton v. Railroad Co., 126 N. Y. 625, 26 N. E. 967, was one where the acci-dent did not happen at a street crossing, and this fact the court was

careful to state at page 627, 126 N. Y., and page 968, 26 N. E.; Hegan v. Railroad Co., 15 N. Y. 380, did not turn upon the nearness of the plaintiff's wagon to a crossing; and Moebus v. Herrmann, 108 N. Y. 349, 15 N. E. 415, was not against a railway company. I have examined the other exceptions, but find no error which affects the verdict.

The judgment and order should be affirmed, with costs. All concur.