## BROZEK v. STEINWAY RY. CO. OF LONG ISLAND CITY.

(Supreme Court, Appellate Division, Second Department. December 7, 1897.)

STREET RAILWAYS—COLLISION—RIGHT OF WAY.

In order to render applicable the rule that, as between trolley cars and other vehicles, neither has any superior or paramount right of way where a street crosses an avenue on which is the line of the railway, it is not essential that the street opening off from one side of the avenue should be literally a continuation of that which opens off from the opposite side. It is sufficient if one is, in effect, a continuation of the other.

Appeal from special term, Kings county.

Action by Barbara Brozek, as administratrix of Alois Brozek, deceased, against the Steinway Railway Company of Long Island City. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

The action was brought to recover damages for injuries resulting in the death of the plaintiff's intestate. At the time of the accident he had been driving westerly on Jackson avenue, on the north side of defendant's tracks, until he reached Honeywell street, into which he proceeded to turn southerly. In crossing the tracks, one of the hind wheels of his wagon was struck by a car approaching from the east, which, when he first turned to cross the street, had been from 40 to 50 feet distant. He was in a covered wagon, and was looking to the west. It did not appear that he saw the approaching car. Honeywell street runs off diagonally from the southerly side of Jackson avenue, and, according to a survey in evidence, a line drawn along the middle of the street would strike the north side of the avenue about halfway between Bartow

and Blackwell streets, which are about 200 feet apart, and which enter the avenue at a similar angle.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Albert E. Lamb, for appellant.
F. W. Catlin, for respondent.

WILLARD BARTLETT, J. The facts of this case are sufficiently stated in the opinion delivered upon the first appeal. Brozek v. Railway Co., 10 App. Div. 360, 41 N. Y. Supp. 1017. The case has been tried anew in accordance with the rules of law laid down in that opinion, and we find no reason to disturb the verdict. It is argued that our previous decision was based upon the erroneous assumption that the accident happened at a street crossing, whereas the fact is that the street into which the plaintiff's intestate was trying to drive was not a continuation of any street on the opposite side of Jackson avenue. We think, however, that Honeywell street may be regarded as, in effect, a continuation of Blackwell street, though Honeywell street leaves Jackson avenue at a point some distance to the west of the point where Blackwell street enters it. The case is not unlike Bresky v. Railroad Co., 16 App. Div. 83, 45 N. Y. Supp. 108, where Roosevelt street in New York was held to be practically a continuation of Baxter street, although there is no street directly opposite Baxter street, but Roosevelt street is 50 or 60 feet further north. The present case differs radically from Meyer v. Railroad Co., 9 App. Div. 79, 41 N. Y. Supp. 92. There the wagon which collided with the car was being driven diagonally towards the approaching car at the time of the accident, while here the wagon was being driven diagonally away from it.

The judgment and order appealed from should be affirmed, with costs. All concur.