v. Ferguson, 18 Wall. 1: "Nothing is sufficient to revive a discharged debt, unless the jury are authorized by it to say that there is an expression by the debtor of a clear intention to bind himself to the payment of the debt." Payments on account of a lapsed debt are not sufficient to revive a debt discharged in bankruptcy. Merriam v. Bayley, 1 Cush. 77. I think there is a clear principle, established by the authorities, to hold strictly that there must be an express promise to pay a debt discharged by bankruptcy, without any attached condition. I think that the evidence to establish a waiver of this condition must be equally strong with evidence to establish the original promise, and that there is no evidence of any waiver, except the fact of payments, which would not be sufficient to establish a promise to pay a debt discharged by bankruptcy.

---

(23 App. Div. 623.)

### MURRAY v. WESTON et al.

(Supreme Court, Appellate Division, Second Department. December 31, 1897.)

CONSTRUCTION OF DEEDS—ACTS OF THE PARTIES.

The construction placed on restrictions in a deed by the acts and acquiescence of the parties may be the most conclusive test of their intentions.

Cullen and Hatch, JJ., dissenting.

Appeal from special term.

Action by William Murray against Henry Weston, receiver of the Hoboken Turtle Club, and others, for an injunction. From a judgment of the special term dismissing the complaint as to certain of defendants, plaintiff appeals. Affirmed.

The following is the opinion of the special term (WILMOT M. SMITH, J.):

The most conclusive test of the intention of the parties to the covenant sought to be enforced in this action is the practical construction placed upon it by the acts and acquiescence of those parties. Applying this test, the covenant was not intended to class as a business the keeping of private hotels or boarding houses, because it is undisputed that for many years there have been erected and continuously conducted upon parcels of the restricted property private hotels or boarding houses without remonstrance, and without suggestion from any one that the covenant was thereby violated. It is contended by plaintiff that the Victoria is not a private boarding house of the same general character of the Mitchell House, the Bevan House, and the Belvidere House, and hence is not entitled to the immunity from attack, as not being obnoxious to the covenant which admittedly has been accorded to those houses. I do not think this contention can be sustained. The Victoria is conducted upon a more elaborate scale than either of the other houses. It accommodates more guests; it is better furnished; it attracts guests who require more attention; and hence there are features of its conduct which resemble those of an hotel. Yet there is a well-defined distinction between the Victoria and an ordinary inn or hotel. An inn or hotel proper is conducted for the purpose of entertaining travelers and all respectable persons who apply for accommodation. It bids indiscriminately for the patronage of transient and permanent guests. The Victoria did not entertain travelers as such. If it entertained transient guests, it was simply incidental to and connected with its real and avowed business of a private boarding house for the entertainment of gentlemen and their families who desire to spend the heated term in the country. I therefore decide that the Victoria is a private hotel or boarding house of the same general character as the other hotels or boarding houses named, and therefore not within the prohibition of the covenant.

I also find the Victoria has been conducted respectably, and in an orderly manner. I am constrained to believe that the instances of misconduct on the part of some of the guests testified to were much exaggerated. It will be impossible to conduct a house of the size of the Victoria without misconduct at some time of some sort on the part of some of the guests, and it can occur, as it did in this case, without injury to the general character of the house as a respectable and well-conducted place of entertainment. I also find that the furnishing of liquor to the guests of these hotels or boarding houses as part of their entertainment is not, and never has been, considered by those subject to its provisions to be prohibited by the covenant in question. It is undisputed that such has been the practice by the proprietors of these places with the knowledge and practical acquiescence of the residents of the restricted territory. The keeping of a barroom or place for the indiscriminate sale of intoxicating liquor is clearly within the letter and spirit of the covenant. The place kept by the defendant Charman in the basement of the Victoria in the summer of 1895 became practically a barroom. Whatever her original intention in fitting up the room, it is certain that it soon became a place where any person, whether a guest of the hotel or an entire stranger, could purchase, and be served with, intoxicating liquor freely, and without question. The conduct of the defendant Charman in connection with the café or barroom, or by whatever name it may be called, was a clear violation of the covenant, and afforded a complete justification to the plaintiff for the institution and prosecution of this action,—an action which, in my opinion, would have never been contemplated except for this particular conduct of the defendant. I therefore decide that the plaintiff is entitled to judgment against the defendant Charman for an injunction restraining her from selling or disposing of intoxicating liquor on her premises to any person except the guests of her house and their invited friends, such liquors to be served only with their meals and in their private rooms. The complaint is dismissed as to defendants Weston and Shepard. Costs are denied to either the plaintiff or said defendants. The plaintiff shall recover costs against the defendant Charman.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

PER CURIAM. Judgment affirmed, with costs, on the opinion of the special term. All concur, except CULLEN and HATCH, JJ., dissenting, who are of the opinion that the sale of intoxicating liquors should also be restrained.

(23 Misc. Rep. 579.)

BRACKEN v. ATLANTIC TRUST CO. et al.

(Supreme Court, Trial Term, New York County. June 1, 1898.)

JUDGMENT—RES JUDICATA—QUESTIONS NOT IN ISSUE.

A judgment for the possession of shares of stock, held by a trustee, is no bar to an action for damages for the depreciation in value of the stock, while it was unlawfully detained, where no issue as to damages was involved in the previous litigation.

Action by William Bracken against the Atlantic Trust Company and others. Verdict for plaintiff, and defendant trust company moves for a new trial. Motion denied.

Ward, Hayden & Satterlee, for the motion.
Hornblower, Byrne, Taylor & Miller, opposed.

McADAM, J. Plaintiff sued to recover $180,000 damages claimed to have been sustained by him and his assignors, holders of 102 bonds