the referee, submitted his proofs, and, though the reference is closed, no decision had been reached, and the proceeding was pending when this application was made to set aside the order dissolving the corporation. This petitioner, Mr. Moses, does not appear to have been a stockholder when the bank ceased to do business, and has never appeared as a stockholder in the books of the bank, nor does he say from whom he bought the stock, or what he paid for it. It is, however, fairly to be inferred that he obtained the stock prior to December, 1887, and that at that time the persons in charge of the bank knew that he claimed to be a stockholder, because he was paid a dividend as the owner and holder of 200 shares of the stock of the bank. Assuming his right, therefore, to be regarded as a stockholder notwithstanding that the stock was not transferred to his name in the books of the bank, and to present his petition to the court, he must, on the other hand, be held bound by the ordinary rules which are binding upon a person seeking to occupy two inconsistent positions. In his original petition, asking to intervene in the proceedings before the referee upon the question of the validity of the assignment from the receiver to Schaffner, and the right of the latter to all or some of the share of Brown, he fully set forth all the defects and irregularities in the dissolution proceedings upon which he predicates the present motion to set aside such proceedings. Had he then made this motion, he would probably have been in a position to raise some or all of the questions he now presents; but, instead of asking for such relief, he sought and obtained leave to appear before the referee to test the title of Schaffner to the judgments assigned by the receiver, and his right to obtain any benefit therefrom. Having full knowledge of all the facts, he was then called upon to elect whether he would recognize the dissolution proceedings, or assail their validity. He chose the former, however, and obtained the order permitting him to appear before the referee, and contest the title to the judgments obtained by Schaffner from the receiver. Without waiting for the decision of the referee, or giving any notice to Schaffner, whose rights would necessarily be affected if the petitioner is now successful, he moved on the other and different theory to have the dissolution proceedings and the receivership declared null and void. We think that the denial of the motion by the judge below upon this ground was right, and that the order appealed from should be affirmed, with $10 costs and disbursements. All concur; PATTERSON, J., in result.

---

### REISS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. June 28, 1899.)

STREET RAILROADS—DRIVING ACROSS TRACK—CONTRIBUTORY NEGLIGENCE.

     Where a driver of an express wagon attempted to cross car tracks on a street where the company's cars had the right of way, and when a car was only 100 feet away, and, finding his mistake, attempted to get over by whipping his horse, but too late, he was guilty of contributory negligence.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Herman Reiss against the Metropolitan Street-Railway Company. There was a judgment for defendant, and plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Joseph I. Green, for appellant.

Henry A. Robinson, for respondent.

MacLEAN, J. It appears, from the statements of the plaintiff's one witness of the occurrence, a friendly passenger on the seat with the driver of a large covered express wagon, that the plaintiff's driver attempted to cross the car tracks of the defendant on Second avenue between the streets where the defendant's vehicles had the right of way, and when a car was only 100 feet distant. The driver, finding out his mistake, attempted, by whipping his horses, to get over in safety, but too late. The testimony exhibits no evidence of fault on the part of the motorman or other servant of the defendant, but does show the imprudence of the driver of the plaintiff. Meyer v. Railroad Co., 9 App. Div. 79, 41 N. Y. Supp. 92. The judgment should be affirmed, with costs.

Judgment affirmed, with costs.

FREEDMAN, P. J., concurs. LEVENTRITT, J., takes no part.