(58 App. Div. 100.)

## FRANK v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.   February 8, 1901.)

1. STREET RAILROADS—INJURIES TO PEDESTRIANS—CONTRIBUTORY NEGLIGENCE.
   That a pedestrian attempted to walk from a curb across a car track, a distance in all of 13 feet, while a horse car traveled 100 feet, does not show contributory negligence per se, though the car was approaching at a high rate of speed, since he had a right to assume that it was under control, and would be operated with due regard to his rights.

2. TRIAL—INSTRUCTIONS.
   Though a request is proper, and fairly embodies the evidence, yet its refusal is not error, where the court charges on every essential element presented by the evidence.

   Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by Alexander Frank against the Metropolitan Street-Railway Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.

William T. Gilbert, for respondent.

HATCH, J. The action was brought to recover damages for personal injuries on the ground of the negligence of the defendant in the operation and management of a street car propelled by horses. The plaintiff was a man of 60 years of age, and familiar with the locality. About 7:30, on a dark night, in bad weather, when it was raining, snowing, and slushy underfoot, the plaintiff was walking on Orchard street, in company with his son, daughter-in-law, and their children. He preceded the rest, leading one of the children by the hand, and while attempting to cross Stanton street, which intersects Orchard street, he was struck by the horses attached to the car, and received the injuries of which complaint is made. The testimony upon the part of the plaintiff tended to establish that when he reached Stanton street the car was distant from the crossing about 100 feet. The first rail of the track was distant 9 feet and one-quarter of an inch from the curb, and the whole distance across defendant's tracks was 13 feet 9¼ inches, so that, in order to cross the track and clear the car, the plaintiff had to go this distance while the car was covering the 100 feet. The plaintiff had crossed the first rail of the track when he was struck. Upon these facts it was claimed that plaintiff was guilty of contributory negligence as matter of law, and that it precludes a recovery.

We do not think that the court can say as matter of law that the plaintiff was guilty of contributory negligence in assuming that it was safe for him to travel the distance which he had to travel to clear the track before the car would reach that point. The proof is that before reaching the crossing he looked both ways, and we think that he was properly chargeable with what he then saw, but we do not think that the relative distance of the car and the distance

which the plaintiff had to walk to clear the track indicated such a disregard of danger in such act as to say, as matter of law, that he took the chances, and was guilty of contributory negligence. It is said that the car was approaching at a high rate of speed, but he had the right to assume that it was under control, and would be operated with a due regard to his rights. In the language of Van Brunt, P. J., in Buhrens v. Railroad Co., 53 Hun, 571, 6 N. Y. Supp. 224:

"Assuming that the plaintiff saw the car approaching very fast, still there was nothing to indicate to him that it was not under the control of the driver, and he had a right to suppose that the latter would exercise proper care. The plaintiff supposed that he would clear the car, and, although subsequent events proved that he erred in this conclusion, a mere error of judgment was not necessarily negligence when the proof shows that, had the car been properly managed, as the plaintiff had a right to assume that it would be, he would have been enabled to cross in safety."

Such rule is supported by numerous authorities. Zimmerman v. Railway Co., 3 App. Div. 219, 38 N. Y. Supp. 362; Brozek v. Railway Co., 10 App. Div. 360, 41 N. Y. Supp. 1017; Dunican v. Railway Co., 39 App. Div. 497, 57 N. Y. Supp. 326.

It is quite clear that the car was operated in disregard of the plaintiff's rights; at least, the jury had a right so to find. Upon the question, therefore, of negligence and contributory negligence, we think that the evidence was sufficient to sustain the verdict which has been rendered.

The defendant also asserts that there was error in the court's refusal to charge as requested by it. We think that the general charge was complete, and as full and fair as that to which the defendant was entitled; and while we think that the request was a proper request, and fairly embodied the evidence as given, yet we think that it was not error to refuse it, because in all substantial particulars the court had already charged the same matters as were set forth in the request to charge. While it is possible to specify some slight respects wherein the court had not covered the charge requested as fully and completely as was embraced in the request, yet it is also evident that the court had charged the jury every essential element presented by the evidence and circumstances adduced. It was therefore not error to refuse to charge in the language requested, because it had been already substantially covered. We find no error which calls for reversal of this judgment, and it should therefore be affirmed.

Judgment and order affirmed, with costs. All concur, except VAN BRUNT, P. J., who dissents.

VAN BRUNT, P. J. (dissenting). It seems to me that the plaintiff was guilty of contributory negligence. It appears from the time he left the curb to the time he was struck by the car he never looked either way for the purpose of seeing whether any vehicles were coming in the street. The car must have been close upon him when he stepped upon the track, yet he did not see it, although it was a lighted car, and there was nothing to obstruct his view. It has been suggested that the night was a stormy one; that it was raining, snowing, and slushy under foot; and that, therefore, the vision of the

plaintiff was obstructed. If the plaintiff, in consequence of the condition of the atmosphere, could not see a lighted car on a dark night, it is difficult to see how the driver of the car could see a pedestrian upon a dark street, and it is a curious circumstance that everybody else saw the car except the plaintiff, although they were equally distant therefrom.