(87 App. Div. 127.)

FREEMAN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. October 22, 1903.)

1. STREET RAILROADS—COLLISION—STREET CROSSINGS—NEGLIGENCE.
    Where an avenue entering a street on which is a line of railway comprises a continuous line of traffic, with an avenue on the other side of the street, though their ends are not directly opposite, the location is a street crossing, at which the rights of the users of the streets and the

railroad company are equal, irrespective of the direction from which the intersection is approached.

**2. SAME—QUESTIONS FOR JURY.**

Where a street car approaches a street intersection at a greater speed than usual, and the motorman makes no attempt to stop it until within 25 feet of plaintiff's conveyance, too late to avoid the accident, though the car was 70 feet away when plaintiff started to turn across the track, the company's negligence is a question for the jury.

Jenks and Woodward, JJ., dissenting.

Appeal from Kings County Court.

Action by John A. Freeman against the Brooklyn Heights Railroad Company. From a judgment for defendant and an order denying plaintiff's motion for a new trial, he appeals. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

William F. Walsh, for appellant.
Isaac R. Oeland, for respondent.

HOOKER, J. Plaintiff was being driven by another person easterly on Fulton street, in the borough of Brooklyn, upon the southerly or east-bound track of the defendant's railroad. When a few feet west of the westerly intersection of Fulton street with Hudson avenue, the driver turned to take a diagonal course across from that point to the northeast corner of those two streets. At the time the wagon was turning upon its new course one of the defendant's cars was approaching from the east on the northerly track, as the plaintiff's witnesses say, at a speed much greater than is usual, and was at that time, according to their evidence, some eight or ten feet east of the easterly crosswalk at the junction of these two streets. Upon the westerly crosswalk, a distance of 46 feet from the easterly crosswalk, the rear wheel of the conveyance in which the plaintiff was riding was struck by this car. In an effort to save himself from hurt, the plaintiff jumped from the wagon towards the west an instant before it was struck by the car, but the collision threw the wagon upon him, and he was injured. At the end of the plaintiff's case the defendant rested without offering any evidence, and the court directed a verdict in its favor, from which direction, and from an order denying plaintiff's motion for a new trial, he appeals to this court.

We think this case should have been submitted to the jury. From the map which is in evidence we may fairly assume that Hudson and Flatbush avenues, in the borough of Brooklyn, comprise what has been termed a continuous line of traffic. It is true that their direction is not identical, but it is within a few degrees, and, although the opening of Hudson avenue into Fulton street is not directly opposite the head of Flatbush avenue, yet the most westerly point of the east line of Flatbush avenue is directly south of the most easterly point of the western curb of Hudson avenue, and, as to that rule of law which holds that street railroad companies and other users of streets have equal rights at their intersection, this location must be held to be such an intersection. The case is similar to Brozek v. Steinway Railway Co., 23 App. Div. 623, 48 N. Y. Supp. 345, where it was

held that Honeywell street was a practical continuation of Blackwell street, and Bresky v. Third Avenue R. R. Co., 16 App. Div. 83, 45 N. Y. Supp. 108, where Roosevelt street, in the borough of Manhattan, and Baxter street, were held to be practically continuous. Under the doctrine of these cases the accident to this plaintiff occurred at a street crossing, and the law applicable to such a state of facts must control. The parties had equal rights, and each was bound to respect those of the other. It is established by the evidence that no effort was made to stop defendant's car, although it was going at a greater rate of speed than usual, until it had traversed one-half of the distance between the two crosswalks opposite the respective sidewalks of Hudson avenue. Although the car was 70 feet from the plaintiff at the time his wagon started to turn across the northerly track, the defendant's agents made no attempt to stop it until it had approached to within 25 feet of plaintiff's conveyance, too late to avoid the accident. These facts, having regard to the physical situation, presented the defendant's negligence as a question for the jury's determination, and to direct a verdict against the plaintiff was error.

But it is urged that the law applicable to intersecting streets has no bearing upon the rights of the parties in this case, inasmuch as the plaintiff had not come through Flatbush avenue at all, but was at all times in Fulton street, where the collision occurred. I cannot believe such reasoning to be sound. The plaintiff was within the general area of a street crossing, where the rights of users of that territory were equal, and it should not concern us in what manner he came into the place or from what direction he approached it. In his lawful use of the highway he found himself there, and it cannot, in my opinion, be held to be the law that on one day if he came into the place from Flatbush avenue he had more comprehensive rights and privileges than on a day following, should he enter by way of Fulton street. The boundaries of an intersection of streets enclose a spot peculiar to the law, in that no paramount rights are known there, and no limitation of this doctrine should be indulged against a class of individuals or vehicles that enter from any particular point.

A reference, again, to the map in evidence shows that had the plaintiff been proceeding in the usual manner northwesterly along the right side of Flatbush avenue, across Fulton street, and into the right side of Hudson avenue, his course would have been not widely different from that actually traveled by plaintiff from the point in the east-bound track of the defendant's road where, on the day of the accident, he turned northeasterly, and pointed for the northeastern curb of Hudson avenue and Fulton street. Had such been his course of travel, he would have crossed the west-bound track in Fulton street within about 10 feet from the point in that track where he did actually cross. This analysis of the directions and distances seems, of itself, quite sufficient to refute the argument that the law of intersecting streets is inapplicable to the facts of this case. But, if not, suppose that a stranger had been, on the day of the collision, traveling from Flatbush avenue into Hudson avenue along the route indicated above, and had been a few feet in advance of the plaintiff, they would both

have been proceeding in the same general direction, the latter crossing the west-bound track at a point about 10 feet west of that where the other crossed. And suppose, further, that defendant's motorman, approaching from the east, had seen both and the direction from which each came; if the position I take is fallacious, he might properly have said, "That stranger, although but a few feet from the plaintiff, both within the area of these intersecting streets, is entitled to the benefit of the rule allowing no one paramount rights in this place, for he came out of the intersecting street; but, as against the plaintiff, my car has the better right here, for he turned into this district from Fulton street." The point of ingress should not be held to affect the rights of those who have occasion to use such intersections of streets.

The judgment and order appealed from should be reversed, and a new trial granted.

Judgment and order reversed, and new trial ordered, costs to abide the event.

HIRSCHBERG, J., concurs. BARTLETT, J., concurs in result. WOODWARD and JENKS, JJ., dissent.