### MATTES v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. November 3, 1905.)

STREET RAILROADS—VEHICLES—DRIVERS—INJURIES—CONTRIBUTORY NEGLIGENCE.

Where, the street car which struck plaintiff's truck was compelled to cover a distance of over 200 feet, embracing two street crossings, while plaintiff's truck was traveling a distance of not more than 50 to 70 feet in crossing obliquely over the tracks in the daytime, and plaintiff testified that the speed of the car increased while he was on the easterly track, and that he used his whip to get clear, and succeeded in getting all but the hind wheel of his truck off the track when the collision occurred, he was not guilty of contributory negligence as a matter of law.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, § 257.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Matthias Mattes against the New York City Railway Company. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Frank A. Acer, for appellant.
William E. Weaver, for respondent.

FITZGERALD, J. Plaintiff was the driver of a brewery wagon, and was making deliveries of beer on Second avenue. After stopping at Thirty-Ninth street, he crossed to the west side of the avenue, and drove south about a block and a half, which brought him to the middle of the block between Thirty-Eighth and Thirty-Seventh streets. Desiring at this time to make a delivery on the east side of second avenue, at a saloon 60 feet north of Thirty-Seventh street, or about 40 feet south, on the other side of avenue, of his then immediate starting point, he drove diagonally across, heading his team southeasterly, and in that manner attempted to cross the railway tracks. He, however, failed to clear the easterly track in time to avoid collision. A calculation of the distances according to this testimony may be made as follows: Assuming the length of the blocks between such streets to be 200 feet, there was a clear space of 200 feet, plus the width of Thirty-Seventh street, between the truck going diagonally southeast and the car coming north. Allowing 60 feet for width of street, a clear space of 260 feet is established from plaintiff's position at the start and 220 feet from his ob-

jective point.   The car, in other words, would have to cover a distance of over 200 feet, embracing two crossings, while plaintiff's truck was traveling a distance of not more, upon a liberal estimation, than from 50 to 75 feet.   The testimony of the plaintiff, further, was that the speed of the car was increased while he was upon the easterly track, that he used his whip and tried to get entirely clear of it, and that he succeeded in getting all except the hind wheel of truck off the track when the collision occurred.

Complaint was dismissed upon the close of plaintiff's case, the learned court holding that freedom from contributory negligence was as matter of law not established.   Respondent claims that the case is identical with Meyer v. Brooklyn Heights R. R. Co., 9 App. Div. 79, 41 N. Y. Supp. 92.   A careful examination of the evidence, however, suggests very many distinguishing features.   This accident occurred in the daytime, there was a greater distance between truck and car, and there was an intervening cross street.   A prima facie case was made out well within the authorities.   A driver has a right to cross a track when he has a reasonable opportunity so to do.   Kennedy v. Third Avenue, 31 App. Div. 30, 52 N. Y. Supp. 551; Hargert v. Union Railway, 25 App. Div. 218, 49 N. Y. Supp. 307; Fleckenstein v. Dry Dock Railroad, 105 N. Y. 655, 11 N. E. 951.   The dismissal of the complaint under the circumstances was not warranted.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.   All concur.