## HEALY v. UNITED TRACTION CO.

(Supreme Court, Appellate Division, Third Department.   November 14, 1906.)

1. STREET RAILROADS—CROSSING ACCIDENT—DEATH OF PEDESTRIAN—CONTRIBUTORY NEGLIGENCE.

Intestate was struck and killed by an electric street car, at 12:30 a. m., as she was endeavoring to cross the track between streets in an outlying district, where the road was rough and badly washed. There was an electric light at the street corner. When intestate was within 4 feet of the track, and about to cross, the car, with a headlight burning, which could be easily seen, was approaching her at a distance of from 75 to 100 feet and at a rate of from 6 to 9 miles an hour. *Held*, that intestate was guilty of contributory negligence as a matter of law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 207, 208.]

2. SAME—SUBSEQUENT NEGLIGENCE.

After intestate was struck by a street car at night, and while she was under the car, the motorman and conductor were unable to find her, whereupon the conductor directed the motorman to move the car ahead, which he did, when intestate was found, dead. Plaintiff, in an action for such death, however, did not prove affirmatively that the moving of the car caused injury to intestate, nor that she was not dead before the car was moved. *Held*, that plaintiff was not entitled to recover, irrespective of intestate's contributory negligence, on the theory that defendant was guilty of negligence in so moving the car after intestate was struck.

3. APPEAL—REVIEW—VERDICT—SUFFICIENCY OF EVIDENCE.

Where, under the instructions, a verdict for plaintiff might have been reached by a finding that deceased was killed by the original accident, not contributed to by any negligence of the deceased, which was unauthorized the verdict could not rest on proof of negligence on the part of defendant's employés in moving the car after the accident had happened.

Appeal from Trial Term, Rensselaer County.

Action by Patrick Healy, as administrator of the estate of Bridget Healy, deceased, against the United Traction Company. From a judgment for plaintiff, and from an order denying defendant's motion to set aside the verdict and for a new trial, it appeals. Reversed.

About half past 12 o'clock at night on May 18, 1904, plaintiff's intestate, who was 45 years of age, while crossing the defendant's single-track railroad on Fifteenth street at a point 53 feet north of the north line of Hutton street was run over by a south-bound car and killed. There was an electric light at the corner of Fifteenth and Hutton streets, but the night was heavy, misty, and rainy. When plaintiff's intestate was within 4 feet of the track, and about to cross, the defendant's car, with headlight burning, which could be easily seen, was coming toward her, and was about 75 to 100 feet away. The car was going at a rate of from 6 to 9 miles an hour. Plaintiff's intestate started to cross, and was struck by the car and killed. The first trial of the case resulted in a disagreement of the jury. Upon the second trial plaintiff secured a verdict for $5,000. Upon appeal this court held that the verdict was against the weight of evidence, and directed a new trial. Upon the third trial, resulting in a judgment from which this appeal was taken, she has recovered a verdict for $4,250. From the judgment entered upon this verdict, and from the order denying defendant's motion for a new trial, this appeal is taken. Further facts appear in the opinion.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Patrick C. Dugan, for appellant.
John F. Murray, for respondent.

SMITH, J.   Upon the former appeal it appeared from the record that plaintiff's intestate attempted to cross in front of an approaching car when the car was only 35 feet from her.   We were of opinion that her attempt to cross under those circumstances was clearly unwarranted in the exercise of reasonable care on her part, and the plaintiff had failed to show that she was free from contributory negligence. The only witness of the accident has now changed his testimony, and says that when she started to cross the track the car was from 75 to 100 feet from her.   Otherwise the proof is substantially the same upon the question of her contributory negligence.   Does this proof justify a different holding upon this appeal?

The location in question was so far from the center of the city that there was no pavement and along part of the block where the accident occurred there was no flagging.   A T rail was being used by the defendant company.   The plaintiff claims to have proven that the road was badly washed, and the dirt washed away from the rail and ties to the extent that there were many holes in and by the said track, and so the ties stood up so far that in muddy weather you could keep out of the mud by walking on the ties.   This accident occurred just opposite the residence of plaintiff's intestate, so she may fairly be presumed to have a general knowledge of the surrounding conditions. At half past 12 at night, so far from the center of the city, the track is less liable to be obstructed, and cars are run more freely, and less care is required on the part of those running the cars. than at hours when the streets are more used and there is greater liability to obstruction.   Plaintiff's intestate saw the car coming.   A few seconds only would bring it to her.   If there were sufficient light, so that she saw the track in its rough condition, there can be no question that she was guilty of negligence in attempting to cross ahead of the car.   If it were so dark she could not see the roughness of the track, as is the more probable, she is no less guilty of negligence; for she took her chances of getting across an unknown space within the few seconds allowed her before the car should reach the spot.   After 12 o'clock upon a dark, rainy night she had no right to assume that a motorman on the car would see her and check his car if she failed to get over.

Respondent relies upon several authorities.   The strongest, however, in favor of the plaintiff is the case of Frank v. Metropolitan Street Railway Company, 58 App. Div. 100, 68 N. Y. Supp. 537.   In that case Justice Van Brunt dissented.   The conditions were quite different from those here found.   The injury was at a street crossing at 7:30 in the evening, when the streets were full and the car was drawn by horses.   The plaintiff in that case, who was struck, was 60 years of age, leading a child.   The right to assume that the driver would be on the lookout for him and protect him was very different from the right of plaintiff's intestate to thus assume, who after midnight was crossing between streets before an electric car, which ordinarily runs much faster and presents much greater danger.

This conclusion is reached upon the assumption of the entire truth of the testimony of plaintiff's witnesses. It amounts, however, to almost a denial of justice when a defendant's property can be taken solely upon the evidence of such a witness as is the witness Partland, who swore for the plaintiff. Especially is this so when the verdict must be sustained, if at all, upon a change in his testimony upon a material matter between two trials. His explanation of the change is not at all satisfactory.

Respondent's counsel further urges that the judgment should be sustained upon the ground that the jury was authorized to find that the defendant was guilty of negligence after the deceased was first struck and while under the car. It appears that they were unable to find the deceased, and the motorman was directed by the conductor ·to move the car ahead. It is claimed by the plaintiff that this was negligence for which the defendant was answerable. The answer to the respondent's contention is twofold: First, the plaintiff must prove affirmatively the injury caused by such negligence. It is not proven that plaintiff's intestate was not already dead before the car was moved the second time, or that such act caused any further injury than had already been caused by the original accident. A further answer is that, under the charge of the court, the verdict may have been reached by a finding that the deceased was killed by the original accident, not contributed to by any negligence of the deceased. As in our judgment this was unauthorized, the verdict cannot rest upon proof of negligence upon moving the car after the accident had originally happened.

The judgment and order should therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

