### ASHLEY v. JOLINE et al.

(Supreme Court, Appellate Term. December 8, 1910.)

STREET RAILROADS (§ 114*)—INJURIES—ACTIONS—CONTRIBUTORY NEGLIGENCE.
In an action for injuries received while crossing a street car track, *held*, that plaintiff did not show herself free from contributory negligence; there being nothing to prevent her from seeing the car, had she looked.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 248, 249; Dec. Dig. § 114.*]

Gavegan, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Charlotte Ashley against Adrian H. Joline and another, as receivers of the Metropolitan Street Railway Company. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Masten & Nichols (Henry J. Smith, of counsel), for appellants.
Wise & Seligsberg (Clifford H. Owen, of counsel), for respondent.

PLATZEK, J. The plaintiff, on a bright clear morning in May, 1910, was proceeding along the uptown side of Sixty-First street, going west towards Columbus avenue. As she was at the curb, she

saw two cars approaching, one from uptown, which was in the block between Sixty-First and Sixty-Second streets, nearer Sixty-First street. The car coming uptown was between Sixtieth and Sixty-First streets, nearer Sixtieth street. The plaintiff walked along until she reached the outer edge of the uptown car track, when she stopped, and then stepped back to allow the downtown car to pass her. After it passed, she again stepped ahead to cross the uptown track, when she was hit by the uptown car, receiving injuries for which she recovered damages in this action. She testifies that after she first saw the approaching uptown car, then near Sixtieth street and she then being near the curb, she did not again look for that car, and did nothing to ascertain its position, and did not hear or see it until she was struck by it. Her testimony is that she was struck just as she was about to step upon the uptown track the second time. There was nothing to prevent her from seeing the car if she had looked, and under such circumstances she has not shown herself free from contributory negligence, and the verdict of the jury should have been set aside upon defendant's motion.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.

GUY, J., concurs.

GAVEGAN, J. (dissenting). I am unable to hold that the plaintiff was guilty of contributory negligence as a matter of law in this case. It appears from the evidence that the plaintiff, when at the curb, looked south and saw that the north-bound car was nearly a block away. She had a right to assume that it was under control, and would be operated with due regard to her rights. The evidence being that no bell was rung or other warning given by the motorman, the jury must have found the defendant negligent, which goes far towards acquitting the plaintiff of neglect. The south-bound car being near Sixty-First street, where she stood, and the north-bound car being a block away, the plaintiff evidently calculated that the south-bound car would pass so quickly as to give her ample time to cross before the north-bound car could reach Sixty-First street. This seems to me merely an error of judgment, and, although the jury might have been justified in finding it was an act of negligence, I do not think that an appellate court should so find as a matter of law. The case of Frank v. Metropolitan Street Railway Co., 58 App. Div. 100, 68 N. Y. Supp. 537, appears to be an authority in point.

The judgment should be affirmed, with costs.