(10 Misc. Rep. 8.)

### McCORMICK v. BROOKLYN CITY R. CO.

(City Court of Brooklyn, General Term.  October 22, 1894.)

APPEAL—WEIGHT OF EVIDENCE.
    Verdict on conflicting evidence will not be disturbed on appeal.

Appeal from trial term.

Action by John F. McCormick against the Brooklyn City Railroad Company for personal injuries.  From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.  Affirmed.

Argued before CLEMENT, C. J., and OSBORNE, J.

Morris & Whitehouse, for appellant.
Dailey, Bell & Crane, for respondent.

OSBORNE, J.    This action was brought to recover damages for injuries sustained by the plaintiff through the alleged negligence of the defendant.    Plaintiff obtained a verdict, and from the judgment entered thereon the defendant appeals;  and it is claimed, as ground for reversing said judgment, that the learned trial judge erred in not granting the motion to dismiss the complaint made at the close of the plaintiff's case, and renewed at the close of all the evidence.    The learned counsel for the defendant contends that the evidence shows that plaintiff was guilty of contributory negligence, and that no negligence was shown on the part of the defendant, and that, therefore, the judgment should be reversed.    It appears that on the evening of the 8th of February, 1893, plaintiff, who resided in the state of Connecticut, and was somewhat of a stranger in this city, started to cross Hamilton avenue, about 9 o'clock in the evening.    On this avenue the defendant operates one of its lines of trolley cars.    Plaintiff was on the north side of the avenue (being the right-hand side, leading to the ferry), and started to cross to the southerly side.    He claims in his evidence that before leaving the sidewalk he looked up the avenue, to see if any car was coming on the down or right-hand track;  that he could see some 70 or 80 feet;  and that no car was in sight, but he did see a milk wagon crossing the northerly track.    Plaintiff then, according to his story, started to walk across, had crossed the northerly track leading to the ferry, when, on looking down, he saw a car rapidly approaching on this latter track.    Thinking that he had not time to cross that track before the car would reach him, he began to move backward, in order to avoid the approaching car. Just then another car of the defendant, on the down track, approached, and when plaintiff had nearly gotten across the track. he was struck by the right-hand front corner of the car, and knocked down and seriously injured.    His left foot was crushed and had to be amputated, and he sustained other painful injuries. Plaintiff adduced several witnesses for the purpose of corroborating his statement as to how the accident occurred.    The defense was a square denial of the plaintiff's story as to how he came to be struck by the car, the contention being that he walked across the

avenue right into the car, at its side, and was then struck and thus injured. The motorman of the car in question testified that the track was clear and unobstructed in front of him, and that he could have seen plaintiff if he had been there, and that he did not see him. Other witnesses were introduced on the part of the defendant with a view of corroborating the story of the defense. There was thus a direct conflict of testimony as to the manner in which plaintiff sustained his injuries. It was further testified on behalf of the plaintiff that the car which struck him was going very rapidly, and that it sounded no gong to give warning of its approach. We cannot say, as a matter of law, on all the evidence, that plaintiff was guilty of contributory negligence. He started, it appears, to cross the avenue after looking to see if a car was approaching, and, after crossing the down track, was confronted by the approaching car on the up track, which he naturally sought to avoid by moving backward. He had previously looked, and failed to see any car approaching on the down track, and it was therefore an apparently natural act on his part to step back on this track to avoid the up car. Had the motorman been on the lookout, he would have seen plaintiff crossing the track; would have seen the car approaching on the other track; could have readily foreseen that, unless he halted his car, plaintiff was liable to be caught betwen the two cars; and it was therefore his duty to have halted his car, in order to allow plaintiff time to escape from a position of danger. This conclusion is based, of course, on the assumption of the truth of the plaintiff's story. While it is true that the motorman testified that the plaintiff was not in front of his car, and the conductor testified that the plaintiff walked into the car, yet, on a submission of the case to the jury on all the evidence, the jury have found in favor of the plaintiff. They have credited plaintiff's evidence, and discredited the defendant's evidence. We cannot see that the learned trial judge could have done otherwise than submit this case to the jury. There is ample evidence to sustain the verdict, and we are of the opinion that is should not be disturbed. There is no question on the facts arising before us, in the absence of any order denying a motion for a new trial on the minutes. Judgment affirmed, with costs.