(3 App. Div. 259.)

O'MALLEY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. April 7, 1896.)

1. STREET-RAILWAY COMPANY—NEGLIGENCE—INJURY TO PASSENGER.
    In an action for personal injuries it appeared that the horse car on which plaintiff was riding was preceded by a wagon being driven along the car tracks, and loaded with a few boards, which projected two feet beyond the end of the wagon; that the wagon attempted to turn into a side street, which was crowded with vehicles, one of which was coming towards the wagon on a steep down grade on a line intersecting the course the wagon was required to take in turning off the track; that the driver of the car, instead of waiting a moment to see if the wagon would be cut off in the attempt to leave the track, and forced back down the steep grade, as soon as the wagon cleared the track tried to pass, and that while doing so the wagon backed, causing one of the projecting boards to pass through the stanchion between the first and second windows of the car and strike plaintiff. *Held*, that a finding that the driver was negligent was warranted.
2. SAME—PLEADING.
    A complaint alleging that defendant was negligent in the management and control of the car, and allowed the wagon and car to collide, sufficiently

pleaded the negligence of defendant in failing to delay until the wagon crossed the track without danger of being forced back thereon.

3. SAME—EVIDENCE.
Where a wagon is struck while turning out to allow a car, approaching from the rear, to pass, there is sufficient evidence of negligence to go to the jury.

Appeal from circuit court, Kings county.

Action by Margaret O'Malley against the Metropolitan Street-Railway Company. From a judgment for plaintiff entered on a verdict, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

J. Brownson Ker, for appellant.

Charles J. Patterson, for respondent.

PER CURIAM. The evidence established that defendant's car, which was being driven along Madison street, in the city of New York, was preceded by a horse attached to a light wagon driven in the street-car tracks. The wagon was 11 feet in length, had a box and tail board about 8 inches high, and was loaded with a few boards 13 feet in length, which rested upon the tail board, and projected beyond the wagon about 2 feet. As the wagon came to the junction of Catherine and Madison streets it turned from the track to pass into the former street. The car was at this time close upon the wagon. Catherine street is quite narrow, being but 22 feet and 8 inches in width between the curbs. As the wagon turned out, it was confronted with practically this situation: There was a beer truck backed up against the easterly side of Catherine street on the north corner of Madison street. There was an empty truck on the northwest corner of Catherine and Madison. Driving south on Catherine, in the center of the street, was a large two-horse truck, and to the right of this there was an express wagon, drawn by one horse. Both vehicles were moving, and the truck quite rapidly. The course taken by it would cross the path of the wagon as it turned from the car track. The grade on Catherine street was quite steep, the truck on the down grade and the wagon on the rise. The driver of the car was in a position to observe these conditions, and did observe the relative position of the truck and wagon. Evidence was given upon the part of the plaintiff tending to establish that as the wagon turned from the track the driver urged the horse attached to the car into a faster movement, causing the forward part of the car to come in contact with the projecting boards on the wagon with sufficient force to break the window and stanchion of the car, bringing the boards in contact with the person of plaintiff, who was a passenger upon the car, and inflicting the injury which is the basis of this action. In this view of the evidence the case is brought within the decision in Witte v. Railway Co., 4 Misc. Rep. 286, 23 N. Y. Supp. 1028, affirmed on appeal, 143 N. Y. 667, 39 N. E. 22, which supported a judgment for the plaintiff. Proof was also given tending to estab-

lish that the wagon had entirely left the track before the car attempted to pass, and that it suddenly backed up, bringing the boards in contact with the car.    Upon this point the court charged, at the request of plaintiff: "That, even if the tail of the boards had gone beyond the track, and beyond the line of the car, if the situation thus thrown open to his observation was such as to advise him that there was danger of its coming back and striking against the car, then they could find the car driver guilty of negligence in going on." This charge is attacked as being without evidence to support it in fact, and as not being within the theory of negligence which plaintiff relied on when she brought her action or proved upon the trial. As to the first proposition, we have seen what the conditions were which confronted the driver of the car, and which he knew, or ought to have known, when he attempted to pass the wagon.    It is quite apparent that he drove his car by immediately the wagon had left the track, if he did not before the boards cleared the car, as they in fact came in contact with the stanchion between the first and second windows of the car, thus showing that if the wagon backed it was done immediately the car attempted the passage.    In this respect we are confronted with practically the same question that confronted the court in Seidlinger v. Railroad Co., 28 Hun, 503, where the court sustained a recovery, and it was affirmed on appeal (97 N. Y. 642).    Upon the other ground defendant relies upon the case of Marks v. Railroad Co., 146 N. Y. 181, 40 N. E. 782.    This case was disposed of by the general term upon a ground of negligence not alleged in the complaint or relied upon at the trial, and which was not submitted to the jury for their consideration.    The court ruled that this could not be upheld, as it was obviously improper to sustain a recovery upon an independent ground which the jury were not permitted to consider; that, whatever ground there might have been for submitting the case in this respect, considered by the general term, it was not done, in consequence of which the verdict could not have proceeded from any such view.    The case before us is essentially different.    The allegation of the complaint is that the defendant was negligent and careless in the management and control of the car, and allowed the car and wagon to collide.    As we have seen, the proof showed that a due regard for existing circumstances called upon the driver to consider the liability of the wagon to be cut off in its passage on the narrow street, and forced back down the grade, which would inevitably bring it in contact with the car.    A pause of a moment would have resolved this question, but the driver continued on regardless of the situation.    The point was therefore properly submitted to and passed upon by the jury, and the verdict may have proceeded therefrom.    The conflict of evidence in the present case is not different or greater than has been presented many times in cases of this class, and the courts have uniformly declined to interfere with the verdict upon that ground.    If plaintiff's witnesses were to be believed—and there was an abundance of them—upon the point, the injuries received were serious and permanent in their character.    The jury were authorized to accept that

view, and, so regarding it, the amount of the verdict was not excessive.   We find no error.

The judgment appealed from should therefore be affirmed, with costs.