(68 App. Div. 123.)

## MADIGAN v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. January 24, 1902.)

STREET RAILWAY—PERSONAL INJURY—CONTRIBUTORY NEGLIGENCE.

Where plaintiff, intending to cross a street railway track, looked along the track as he left the sidewalk, and again when halfway to the track, without seeing a lighted car, with headlight, approaching at the rate of seven miles an hour,—there being nothing to obstruct his view,—stepped on the track, and was struck by such car, the injuries resulted from his own negligence.

Appeal from trial term, New York county.

Action by Daniel Madigan against the Third Avenue Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.

G. W. Bristor, for respondent.

VAN BRUNT, P. J. This action was brought to recover damages sustained by the plaintiff, who was struck by a north-bound car of the defendant at the south crosswalk of Third avenue at Sixtieth street. The testimony shows that the plaintiff (being about to cross towards the west side of Third avenue to take a southbound car), as he left the curb, looked down the street, but did not see any car approaching; that when about midway between the curb and the track he looked again, and did not see any car coming along; that there was nothing to obscure his view, except the columns of the elevated railroad which were in the street; that the car was lighted; and that its headlight was burning. There was a man named Lynch with the plaintiff. He was on the south side of the plaintiff; the latter being slightly ahead of him,—about a step. When the plaintiff went to go on the track, Lynch shouted to him, "Look out!"—that a car was coming; and the plaintiff tried to recover himself as far as he could by jumping backward, but the car caught him. There was also evidence showing that no gong was sounded, and that the plaintiff was struck instantly after Lynch holloed. The evidence further shows that the motorman did his best to stop the car the moment it struck the plaintiff, but that before it struck him the motorman did nothing. The car was going at the time at the rate of seven miles an hour.

It is difficult, upon this evidence, to see how the plaintiff met the burden of showing that he was not guilty of contributory negligence in not seeing the car, or, if he was free from contributory negligence, how the defendant was guilty of negligence in not seeing the plaintiff. If the plaintiff was unable to see a fully-lighted car, how was it possible for a motorman to see a person attempting to cross the track? It cannot be that a party going upon a railroad track, who claims to have looked and not to have seen an object in plain sight, has complied with the requirements of the law as to the exercise of due caution. The looking is for the pur-

pose of observing that which is within sight, not for the purpose of not seeing it; and there being no obstruction to the view except the elevated railroad columns, which obscured the vision of the motorman as well as that of the plaintiff, it is difficult to see why the plaintiff must not be charged with contributory negligence in stepping upon the track directly in front of a moving car which was well lighted, and must have been in plain sight. Under these circumstances, it seems to us that the plaintiff failed to make out a case showing himself free from contributory negligence, and that the complaint should have been dismissed.

The judgment and order appealed from must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.