method would be in operation, I do not see that error was committed that would justify a reversal of the judgment.

We think, however, that the amount allowed both for fee and rental damage was larger than was justified by the evidence. The judgment should be modified by allowing for the fee value of the property appropriated by the defendants $4,000, and for the rental damage $150 per year, and, as so modified, affirmed, without costs.

HATCH and LAUGHLIN, JJ., concur. VAN BRUNT, P. J., and PATTERSON, J., concur in result.

---

(69 App. Div. 247.)

### JOHNSON v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department.  February 14, 1902.)

1. STREET CARS—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE.

> Where a passenger got off a street car on a rainy, foggy night, waited for a truck on the opposite track to pass by, and then stepped on the track, and was immediately struck by a car going in the opposite direction, he was guilty of contributory negligence, though he testified that he did not see the car coming.

2. SAME—FAILURE TO RING BELL.

> The failure of a motorman on a street car to ring a bell on approaching a crossing, where a car on the other track had just discharged passengers, would not justify a finding of negligence, where his car was immediately behind a truck, and there was no reason for him to suppose that any one would step in front of the car when it was plainly visible.

> Patterson and Hatch, JJ., dissenting.

Appeal from trial term, New York county.

Action by Peter Johnson against the Third Avenue Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Theodore H. Lord, for appellant.
Conrad S. Keyes, for respondent.

INGRAHAM, J. The plaintiff was injured by one of the defendant's street cars in endeavoring to cross Third avenue at Thirty-Second street. The accident happened on the night of the 22d of August, 1896, about half past 10 o'clock. It was a rainy, foggy night, although it would appear from the testimony that a person standing on the corner of Thirty-Second street and Third avenue had no difficulty in seeing the plaintiff upon the track when he was injured. The plaintiff, with a companion, had ridden downtown upon one of the defendant's cars. They left the car at the corner of Thirty-Second street and Third avenue, and then started to cross the tracks of the defendant's road. They crossed the downtown track immediately behind the car upon which they had been passengers, and then attempted to cross the uptown or easterly track. The plaintiff's account as to what then occurred is as follows:

"When we started to cross the street, there came a pair of horses with a truck. They came from downtown. I stayed right there, and let that truck pass by. Q. Did you look to see whether any cars came? A. I looked up, and could not see anything. Q. After the truck passed, what did you do then? A. I then went forward, and then the car came and ran over me. Q. Where did the car strike you? A. Just as I was putting my foot forward the car struck. The car was going very quick. I don't know how fast it was going. It went very quick. The car struck me below the right hip. I fainted; I became unconscious. * * * Q. Did you see any light on the front of the car? A. No. Q. Did you see the car when it struck you? A. No; I fainted. Q. Did you see the car before it struck you? A. I did not see it at all, only just as it struck me."

Upon cross-examination he testified:

"Q. How long a time after this truck passed you was it that you were struck? A. As soon as it was past. We were passing right after. Q. The car was close to the truck, was it? A. No. Q. About how far from the truck was it? A. I cannot tell how many seconds it was. * * * Q. You said, did you not, that the car was going fast before it hit you? A. It was coming fast. Q. Then you saw it before it hit you, didn't you? A. I only saw it just as it hit me. Q. How far had you gone on the uptown track before you were hit? A. I hadn't gone at all. Q. You said to Mr. Keyes as you were putting your foot forward the car struck you; is that correct? A. Yes. Q. So it was just as you were going on the track that you were hit? A. Yes. * * * Q. If you were hit just as you were going on the track by this uptown car, you started on the track in front of the car, didn't you? A. As I put my foot forward, the car struck me."

Johansen, the plaintiff's companion, testified that he and the plaintiff got off the car on the west side of the corner; that they left the car, and came from the southwest corner, and were going to the southeast corner. "We passed the car, and when we were passing the car there was a truck came over there on the other track. We waited for that a few seconds, and the truck stopped, and when the truck passed by us the car came and struck us." This witness signed a statement as to what happened, shortly after the accident, which was read to him upon the trial, and he testified that it was a true statement. In that statement the witness said that he and the plaintiff had got off the car upon which they had been riding in safety, and, "as we intended walking through to Second avenue, we started to walk around back of the cars from which we had just got off, to cross to the southeast corner. But when we were doing so, and while we were in the rear of the last car or trailer of said train, I saw a north-bound car approaching, and thought we would have sufficient time to cross, but I had only taken a few steps when this car came upon us full speed, striking both of us, throwing us back to the west. I did not hear any bell or warning from the gripman of this car notifying us of the car's approach, and I believe I could have crossed in time had the car slowed up." A witness who was upon the east side of Third avenue testified: "I saw two men coming from the west side to the east side, and as soon as he started on the railroad track the electric car catched them, and threw them say fifteen feet on the side."

This was the substance of the evidence produced by the plaintiff to support his cause of action. I fail to see any evidence which would justify a finding by the jury that the defendant was negligent or that the plaintiff was free from contributory negligence. The

plaintiff stood upon the side of the track and waited for a truck to pass. As the truck passed, he stepped upon the track, and was struck by the car. He must, therefore, have stepped upon the track immediately in front of the car. There was certainly nothing to indicate to the motorman that these two men would step in front of the approaching car, or that he was negligent in not stopping the car at this crossing. The car was immediately behind a truck, and it is perfectly apparent that it could not have been going any faster than the truck, or there would have been a collision, of which there is no evidence. The plaintiff says that he did not see the car; but why he did not see it is not explained. The man on the sidewalk saw it, and saw the plaintiff struck by it. The plaintiff says that when he looked for the car it was before the truck had passed; and the fact that the truck was between him and the car may account for his not seeing the car then. But if the truck prevented the plaintiff from seeing the car, it would also prevent the motorman on the car from seeing the plaintiff. Immediately upon the truck's passing, the plaintiff stepped on the track behind the truck without again looking, and as he did so he was struck by the car. This condition is inconsistent with the exercise of any care or prudence on plaintiff's part to ascertain whether it was safe to cross the track. His companion saw the car. They were together, and if one could see the car there is no reason why the other could not. Had the plaintiff looked before he attempted to cross the track, after the truck had passed, he could have seen the car, and, by waiting a moment for it to pass, avoided the accident. The only possible ground upon which it can be claimed that the defendant was negligent is the failure of the motorman to ring the bell; but this situation, the car immediately behind the truck, with no reason for the motorman to suppose that any one would step upon the track in front of the approaching car when it was plainly visible, would not justify, I think, a finding of negligence. And assuming that, under any circumstances, a failure to ring the bell would justify a finding of negligence, the proof shows that, if the plaintiff had taken any precaution to ascertain whether the car was coming behind the truck, he would have seen the car and avoided the accident.

It is apparent, therefore, that the proof failed to sustain the finding of the jury, and the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., concurs. LAUGHLIN, J., concurs in result. PATTERSON and HATCH, JJ., dissent.