Edward Jackson, Respondent, *v.* The Union Railway Company of New York City, Appellant.

*Negligence — duty of motorman to stop a car to avoid a collision — not bound to anticipate that a pedestrian will retrace his steps — contributory negligence.*

In an action to recover damages for personal injuries it appeared that the defendant operated a double-track street railroad on Third avenue, at its intersection with One Hundred and Sixty-third street, in the city of New York; that the westerly track was used for south-bound cars and the easterly track for north-bound cars, and that the space between the two tracks was five or six feet in width; that on the morning of the accident the plaintiff, after stopping on the sidewalk at the southwest corner of One Hundred and Sixty-third street and Third avenue to permit a south-bound car to pass, proceeded to cross the tracks; that when he reached the space between the north and south-bound tracks, or else had one foot in such space and one foot still on the south-bound track, he observed that a north-bound car, which was about one hundred feet away when he started to cross the street, was proceeding faster than he expected; that when he made this observation he stopped and then stepped back upon the south-bound track and was almost immediately and without warning struck by a south-bound car, which he had not seen before. The car was stopped within five or six feet after it struck the plaintiff, thus showing that the motorman had it under control.

When the plaintiff started to cross the street the car which struck him was less than one hundred feet away, and it was not shown that the plaintiff had exercised any care to discover the approach of such car either before leaving the sidewalk or before stepping back upon the south-bound track.

*Held,* that there was no obligation resting upon the motorman to stop the car until the danger of a collision appeared, and that, in the absence of proof that the motorman could have stopped the car any sooner than he did after the plaintiff stepped upon the south-bound track, the motorman was not guilty of negligence;

That the motorman was not guilty of negligence because he did not anticipate that the plaintiff, after he had passed over the south-bound track, would retrace his steps in order to avoid a collision with a north-bound car;

That the failure of the plaintiff to look for the car which struck him before leaving the sidewalk or before stepping back upon the south-bound track constituted contributory negligence on his part.

O'Brien and Hatch, JJ., dissented.

Appeal by the defendant, The Union Railway Company of New York City, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New

York on the 10th day of March, 1902, upon the verdict of a jury for $2,000, and also from an order entered in said clerk's office on the 25th day of March, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Charles F. Brown,* for the appellant.

*John Vernou Bouvier, Jr.,* for the respondent.

McLaughlin, J. :

This action was brought to recover damages for personal injuries alleged to have been sustained by reason of defendant's negligence. Plaintiff had a verdict, and, from the judgment entered thereon, defendant has appealed.

Upon the trial it appeared that the defendant operated a double-track railway on Third avenue, at its intersection with One Hundred and Sixty-third street, in the city of New York, the westerly track being used for south-bound and the easterly for north-bound cars, and, from the testimony of plaintiff's witnesses, it appeared that between seven and eight o'clock in the morning of the 27th of June, 1899, the plaintiff attempted to pass over these tracks ; that before doing so he stopped on the sidewalk at the southwest corner of One Hundred and Sixty-third street and Third avenue, to permit a south-bound car to pass ; that after this car had passed, he proceeded at a " three-mile gait " until he had reached the space between the north and south-bound tracks, which was, according to his own testimony, between five and six feet, when a north-bound car, which he had observed about one hundred feet away when he first attempted to cross, was proceeding faster than he expected ; at that time he was in the space between the north and south-bound tracks, or else one foot was in the space and one foot still on the south-bound tracks ; that when he made this observation, he stopped and then stepped back upon the south-bound tracks, and almost immediately, and without warning, was struck and knocked down by a south-bound car which he had not seen before, and in this way sustained the injuries complained of.

There is no dispute but what the plaintiff was struck by the south-bound car, or that when the car was stopped he was under

the front platform; nor is there any dispute but what the south-bound car, when he first attempted to cross the tracks, was less than one hundred feet away.

The testimony of the defendant's witnesses tended to show that, when the south-bound car was only a few feet from the crossing, the plaintiff, without looking to see whether or not a car was coming, suddenly started to cross and was struck in about the center of the south-bound tracks.

At the close of plaintiff's case a motion was made to dismiss the complaint, which was denied and an exception taken. This motion was renewed at the close of the whole case, where a similar ruling was made and an exception taken.

We are of the opinion that the complaint should have been dismissed. The plaintiff was not entitled to recover, unless he established that his injuries were due to the negligence of the defendant and that his own negligence did not contribute thereto, and this he failed to do. Upon his own testimony it appears that he had crossed the south-bound track and had succeeded in getting into the space between the two tracks, when suddenly he stopped and then stepped back upon the south-bound tracks. The motorman of the south-bound car, manifestly, had his car under control, because he stopped it within a very few feet of, and before it had passed over, the plaintiff. It is true that the plaintiff was knocked down, but the record will be searched in vain to find any proof to the effect that the motorman of the south-bound car could have stopped it after the plaintiff stepped upon the south-bound tracks. That the motorman had his car under control is evidenced by the fact that the car was stopped within five or six feet, and there is no proof that it could have been stopped within any less space. There was no obligation resting upon the motorman to stop the car until the danger of a collision appeared. (*Stabenau* v. *Atlantic Ave. R. R. Co.*, 15 App. Div. 408; *Greenberg* v. *Third Ave. R. R. Co.*, 35 id. 620; *De Ioia* v. *Met. St. Ry. Co.*, 37 id. 455; *Johnson* v. *Third Ave. R. R. Co.*, 69 id. 247.) Nor was the motorman negligent because he did not anticipate that the plaintiff, after he had passed over the south-bound tracks, would retrace his steps in order to avoid a collision with a north-bound car. On the contrary, he had a right to assume, the south-bound car being farther away from the plaintiff than the

north-bound, that after the plaintiff had commenced to pass over the south-bound tracks he would continue in the same direction in which he was going until he had cleared those tracks, and if there was any danger of his colliding with the north-bound car, that he would remain in the space between the two tracks, instead of again stepping back upon the south-bound tracks. The plaintiff, therefore, failed to prove any negligence on the part of the defendant which entitled him to recover.

We are also of the opinion that the plaintiff's own negligence contributed to his injuries. There is no proof that he exercised any care, before leaving the sidewalk, to ascertain whether the car which subsequently struck him was approaching, nor is there any proof that he exercised any care in this respect before stepping back upon the south-bound tracks. But in answer to these suggestions it is said — not by counsel — that plaintiff cannot be said to be negligent for an error of judgment in acting, he at the time being in a dangerous position. There is no force in the answer, because if he were in a dangerous position it was by reason of his own negligence in that he had failed to observe the position of the south-bound car before he commenced to cross at all. (*Schneider* v. *Second Ave. R. R. Co.*, 133 N. Y. 586.) In the case cited the rule is stated as follows: "If the party by his own negligence has placed himself in a situation of peril, and being called upon in a sudden exigency to act, mistakes his best course, through an error in judgment, he is not thereby relieved. He is not, in such case, held for his error in judgment in failing to adopt the best means of escaping from a sudden peril, but he is liable for the original negligence which placed him in such peril, provided that negligence appreciably contributed to the happening of the accident." (See, also, *Hogan* v. *Central Park, N. & E. R. R. R. Co.*, 124 N. Y. 647.) That it was an act of negligence on the part of the plaintiff to step upon the south-bound tracks without ascertaining whether cars were proceeding on those tracks, cannot, we think, be seriously questioned, and especially in view of decisions bearing upon that subject. (*Woodard* v. *N. Y., L. E. & W. R. R. Co.*, 106 N. Y. 369; *Thompson* v. *Buffalo Railway Co.*, 145 id. 196; *Doyle* v. *Albany Railway*, 5 App. Div. 601; *Martin* v. *Third Ave. R. R. Co.*, 27 id. 52; *Biederman* v. *Dry Dock, E. B. & B. R. R. Co.*, 54 id. 291; *Madigan* v. *Third Ave.*

*R. R. Co.*, 68 id. 123; *Johnson* v. *Third Ave. R. R. Co.*, 69 id. 247.)

Upon both grounds, therefore, we are of the opinion that the court erred in denying defendant's motion to dismiss the complaint, and for the error thus committed the judgment and order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Van Brunt, P. J., and Ingraham, J., concurred; O'Brien and Hatch, JJ., dissented.

Hatch, J. (dissenting):

I am unable to concur in the views expressed by Mr. Justice McLaughlin in his opinion in this case. The evidence upon the part of the plaintiff, as gathered from the record, tends to establish that the plaintiff was engaged in crossing Third avenue at its intersection with One Hundred and Sixty-third street when he received the injuries of which complaint is made; that before he attempted to cross he noticed a south-bound car and stopped to let that car pass by him. After it had passed he continued on his way across. At the time when he paused for the south-bound car, he noticed a car coming upon the other track at a distance of about one hundred feet away. When he reached that track, he discovered that the car was coming faster than he had calculated, and that it was unsafe for him to attempt to cross in front of it. He was then in the space between the tracks, or was just about leaving the south-bound track. In this situation, he either remained with one foot on the rail of the south-bound track, or stepped back over the first rail of that track, and while in this position he was struck by another south-bound car. The latter car, as the testimony tends to establish, was seventy-five feet distant from the crossing behind the first south-bound car. The evidence further tended to establish that the motorman upon this car did not give any signals as it approached the crossing, and when his car was about ten feet distant from the plaintiff, he had his head turned in another direction. Upon this state of facts the jury were authorized to find and to characterize the conduct of the defendant as negligent, and to exonerate the plaintiff from contributory negligence. It was the duty of the motorman to be observant of existing conditions as he approached

the crossing, and this related not alone to the position in which the plaintiff was placed, but also to the operation of the car upon the north-bound track. There was nothing to obstruct his vision. The car on the north-bound track was coming directly towards him. The position of the plaintiff was in plain view. He was bound, therefore, in the discharge of his duty to take notice of the approaching car and the position of the plaintiff.

As the latter was upon the crosswalk and was engaged in passing over the street, the defendant had no paramount right to the use of the same at that point, and it was bound to manage and operate its cars with a due regard to the right of the plaintiff and not abridge his right to a safe passage. (*O'Neil* v. *D. D., E. B. & B. R. R. Co.*, 129 N. Y. 125; *Buhrens* v. *Dry Dock, etc., R. R. Co.*, 53 Hun, 571; *Zimmerman* v. *Union Ry. Co.*, 3 App. Div. 219.)

The defendant had created a situation of peril for the plaintiff. If he remained in the space between the tracks, he would be brought between two moving cars running in opposite directions, and such position, to say the least, is not free from danger. He was under obligation not to stand too close to the car, which he saw approaching on the north-bound track, and was bound to step far enough back to clear the overhang of the car. The space was quite narrow. Under such circumstances, if it was an error to step back so as to bring him over the rail of the other track, it was not such an act as to charge him, as matter of law, with negligence. The jury would be authorized to say that it was an error of judgment committed in an attempt to secure a safe place, and his act, therefore, would not necessarily be regarded as negligence. (*McClain* v. *Brooklyn City R. R. Co.*, 116 N. Y. 459; *Hergert* v. *Union Ry. Co.*, 25 App. Div. 218; 2 Thomp. Neg. [2d ed.], §§ 1449–1452, and cases cited.) The most casual observation upon the part of the motorman would have at once disclosed that the plaintiff had paused to permit the passage of the north bound car, and that the relative position of the plaintiff and such car made it dangerous for the plaintiff to attempt a passage before it passed, and seeing this situation the motorman was bound to observe the duty which charged him with the obligation of so operating the car and controlling the same as not to come in contact with the plaintiff. The evidence tends to establish that, instead of being attentive to his

duties in this regard, he was looking in another direction, gave no signals and ran his car in utter disregard of the plaintiff's position and his rights upon the street.   Of the existing situation the motorman was bound to take notice.   (*O'Malley* v. *Met. St. Ry. Co.*, 3 App. Div. 259; affd. on appeal, 158 N. Y. 674.)

The jury were, therefore, authorized to charge the defendant with negligence in the management and operation of the south-bound car.   So far as the plaintiff's contributory negligence is concerned, the case is quite similar and, in application of legal principles, precisely like that of *McCormick* v. *Brooklyn City R. R. Co.* (10 Misc. Rep. 8), where the City Court of Brooklyn held that such question was for the jury, and this holding was affirmed upon appeal (150 N. Y. 584).   The plaintiff had the right to assume that a car approaching upon either track would be operated, with a due regard to his right upon the street, and that it would be under control as it approached the crossing.   (*Frank* v. *Met. St. Ry. Co.*, 58 App. Div. 100.)

The condition which brought the two cars at the same time to the intersection of this street was produced by the acts of the defendant, and, as it was chargeable with notice that pedestrians would cross the street at such point, it was bound to have its car under control for the protection of such persons.   It is manifest, therefore, that the plaintiff cannot be charged with contributory negligence, as a matter of law, in stepping back to allow the north-bound car to pass, when he had the right to rely upon the proper discharge of all the obligations which the defendant was under to him.   Under these circumstances, I think the question was properly submitted to the jury and the verdict rendered has sufficient evidence for its support.   Nor do we think that error was committed in the admission of the testimony of the physician respecting the character of the injuries which the witness discovered at the time he made his examination.   The injuries were sustained on or about the 27th day of June, 1899.   The witness first saw him on July second of that year and made an examination.   He made another examination on February 12, 1902.   He was asked what he discovered upon the last examination, and objection was made that the testimony was too indefinite and not connected in any way with the injuries sustained from the accident.   The basis of objection was that there was

no sufficient testimony to connect the conditions discovered by the physician in 1902 with the accident which was the basis of the complaint. The evidence of the plaintiff, however, was to the effect that his general health prior to the accident was good, that he had never known what sickness was, and that he had not met with any other accident or mishap since its reception. It is not contended but that the testimony of the physician was competent if the connection between the injury and the condition was established. The condition to which he testified was of the same character as existed when he first saw him on July 2, 1899, and was such as might have been produced by the injuries sustained, and this, coupled with the fact that the testimony of the plaintiff disclosed that he had never been ill and had met with no other accident since this one, sufficiently showed the connection to make the testimony competent and proper.

There are no other questions which require consideration. It follows that the judgment should be affirmed, with costs to the respondent.

O'BRIEN, J., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.