GEORGE T. TRAUBER, Respondent, v. THIRD AVENUE RAILROAD
COMPANY, Appellant.

*Negligence — injury to a pedestrian who, seeing a car approaching from the north
and not looking to the south, crosses the south-bound track and steps back thereon
to avoid a car approaching on the north-bound track — the motorman on the south-
bound car is not bound to anticipate that the pedestrian will return to the south-
bound track — charge that a defendant is liable, although the plaintiff was negligent.*

In an action brought to recover damages for personal injuries sustained by the
plaintiff in consequence of the alleged negligence of the defendant, which
operated a street railway on Third avenue in the city of New York, it appeared
that between seven and eight o'clock on a June evening the plaintiff started to
cross from the west to the east side of Third avenue at Twenty-fourth street;
that as he left the curb he saw a south-bound car between half a block and a
block away; that without looking to see whether a north-bound car was
approaching he crossed the south-bound tracks and either had stepped or was
about to step upon the north-bound track when he discovered a north-bound
car only a few feet distant, and that, in order to avoid a collision with that car,
he stepped back upon the south-bound track and was immediately struck by
the south-bound car.

*Held*, that the plaintiff's failure to look for the north-bound car and to ascertain
the relative position of both the north-bound car and the south-bound car
before proceeding to cross the tracks was a negligent act on his part;

That it could not be said that the motorman of the south-bound car was negli-
gent in failing to anticipate that the plaintiff, after passing over the south-
bound tracks, would retrace his steps in order to avoid a collision with the
north-bound car;

That it was error for the court to charge that " even if the plaintiff was guilty of
contributory negligence, the question remains whether the defendant might, by
the exercise of reasonable care and prudence, have avoided the consequences
of the injured party's negligence. If the plaintiff's alleged contributory neg-
ligence was not the direct and proximate cause of the accident, then the plain-
tiff is entitled to a verdict against the defendant, if the defendant was guilty
of negligence — that is, if the motorman did not use that ordinary degree of
care which a prudent motorman should have exercised under the same circum-
stances," as the principle involved in the charge does not apply, except when
some new act of negligence on the part of the defendant is the proximate
cause of the injury.

APPEAL by the defendant, the Third Avenue Railroad Company,
from a judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of New York on the
3d day of June, 1902, upon the verdict of a jury for $1,150, and

also from an order entered in said clerk's office on the 13th day of June, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Addison C. Ormsbee,* for the appellant.

*Edward B. La Fetra,* for the respondent.

McLAUGHLIN, J. :

The plaintiff, on the 9th of June, 1899, between seven and eight o'clock in the evening, while crossing Third avenue at Twenty-fourth street in the city of New York, was struck and injured by one of defendant's cars. According to his testimony, when he left the west curb of Third avenue, he saw a south-bound car approaching between a half and a block away. It was lighted, so that he had no difficulty in seeing it. He crossed the south-bound tracks and either had or was about to step upon the north-bound tracks, when he discovered a car only a few feet from him, approaching from the south, and in order to avoid a collision with that car he stepped back upon the south-bound tracks and was immediately struck by the car going south.

I am of the opinion that the motion made by the defendant to dismiss the complaint at the close of plaintiff's case, and renewed at the close of the whole case, should have been granted. The testimony is uncontradicted to the effect that the plaintiff, before attempting to cross Third avenue, did not look to see whether a car was approaching from the south, nor did he look, after leaving the westerly curb of Third avenue, to see where the south-bound car was before stepping back upon those tracks. His failure to look for the north-bound car and to ascertain the relative position of both of the cars before starting to cross the tracks, and thus placing himself in a position of danger between the two cars approaching from opposite directions, was a negligent act upon his part, inasmuch as it was his duty to look both ways before starting to cross the street. (*Jackson* v. *Union Railway Co.,* 77 App. Div. 161.) Nor can it be said that the motorman on the south-bound car was negligent because he did not anticipate that the plaintiff, after he had passed over the south-bound tracks, would retrace his steps in order to avoid a collision with the north-bound car. On the contrary, the

motorman had the right to assume, as we held in the *Jackson* case, that after the plaintiff had passed over the south-bound tracks, he would continue in the same direction in which he was going, instead of stepping back upon those tracks, and if there were any danger of his colliding with a north-bound car he would remain in the space between the two tracks, which, according to the uncontradicted evidence, was about six feet.

The judgment must also be reversed for an error in the charge. From what has been said it is evident that there was testimony offered from which the jury might have found that the plaintiff's injuries were due to his own negligence. The court in its charge stated that " even if the plaintiff was guilty of contributory negligence, the question remains whether the defendant might, by the exercise of reasonable care and prudence, have avoided the consequences of the injured party's negligence. If the plaintiff's alleged contributory negligence was not the direct and proximate cause of the accident, then the plaintiff is entitled to a verdict against the defendant, if the defendant was guilty of negligence — that is, if the motorman did not use that ordinary degree of care which a prudent motorman should have exercised under the same circumstances." This was excepted to, the counsel saying : " * * * I except to that part of your Honor's charge where your Honor says, in words or in substance, if the plaintiff was guilty of contributory negligence the motorman could, with reasonable care, have prevented an accident." To which the court responded : " If he could, in that event, the defendant would be liable." An exception was also taken to this statement.

Upon the facts presented, this was an incorrect statement as to the law, and the jury must have been misled by it. (*Rider* v. *Syracuse R. T. Ry. Co.*, 171 N. Y. 139.) We have recently in several decisions pointed out the error in similar instructions. (*Bortz* v. *Dry Dock, etc., R. R. Co.*, 78 App. Div. 386; *Delkowsky* v. *Dry Dock, etc., R. R. Co.*, Id. 632; *Csatlos* v. *Metropolitan St. Ry. Co.*, 70 id. 606; *Sciurba* v. *Metropolitan St. Ry. Co.*, 73 id. 170; *Goodman* v. *Metropolitan St. Ry. Co.*, 63 id. 84.)

The effect of this charge was that even if the jury found the plaintiff guilty of contributory negligence, they might, notwithstanding, find a verdict in his favor if the motorman of the car by

the exercise of reasonable care and prudence could have avoided the collision; in other words, the charge as made eliminated from the case the whole subject of contributory negligence on the part of the plaintiff, and this cannot be done under the law as it now exists, except in cases where it is clear that there is some new act of negligence on the part of the defendant which constitutes the proximate cause of the injury, and in determining what constitutes the proximate cause, the same tests must be applied to the conduct of both parties. (*Rider* v. *Syracuse R. T. Ry. Co.*, *supra*; *Bortz* v. *Dry Dock, etc., R. R. Co.*, *supra*.)  Here there is not even a suggestion of any new or intervening cause; on the contrary, the proof showed a continuous act on the part of the motorman from the time the plaintiff commenced to cross Third avenue until he was injured, which act, or the act of the plaintiff himself, was the proximate cause of the injury.

For the reasons given, therefore, the judgment and order appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and INGRAHAM, J., concurred; O'BRIEN and HATCH, JJ., concurred on ground of error in charge.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.