action of the defendants is not a part of the cause of action, and, although the plaintiff fails to prove such combination or conspiracy upon the trial as to all of the defendants, he is entitled to recover against those who joined to do the act which caused the injury; or if he fails to show any such combination, he can recover against the defendant who was guilty of the wrong. To sustain a joint recovery against the defendants, the plaintiff must prove that there was a conspiracy or combination to do the acts by which he was deprived of the society of his wife, and, having proved the common purpose and the acts done in pursuance of it, he would be entitled to recover a joint verdict against both the defendants for the wrong. If, however, he failed to prove that the defendants conspired or combined to accomplish this result, he would then be entitled to a verdict against the defendant who was guilty of the charge. It would seem that the plaintiff could not recover against both defendants upon proof that each of the defendants was guilty of acts which, while sufficient to establish a cause of action against each, was not the result of conspiracy or common purpose, for there would then be two causes of action against different defendants, when each would be liable only for his or her own act. In such a case, I suppose the plaintiff would be required to elect against which of the defendants he would proceed, and the case would fall as against the other defendant. To entitle the plaintiff to recover in an action based upon a joint wrongful act of two or more defendants, the combination or conspiracy must be proved; but where the plaintiff fails to prove such a conspiracy or combination, he may recover against the defendant who was guilty of the wrong and, although both defendants were proved to have been guilty of acts which tended to injure the plaintiff for which an action could be maintained, it is quite clear that without a combination or conspiracy between them to do the act complained of, a joint action could not be maintained. A joint action is maintainable upon the theory that where two or more parties conspire together to injure a person, and injury results from acts done in pursuance of such a joint combination or conspiracy, the parties to such conspiracy are liable for the acts of each other. It seems to be established, however, that the allegation of a conspiracy not being essential to maintain a cause of action against several, the complaint, although no such combination is alleged, is sufficient upon demurrer.

I think the judgment appealed from should be affirmed, with costs. All concur; HOUGHTON and SCOTT, JJ., in result.

---

## MARGUILES v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. December 7, 1906.)

1. STREET RAILROADS—INJURY TO PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

In an action against a street railway company for injuries received at a crossing, it appeared that the accident occurred at 8 o'clock at night; that the only time plaintiff saw the car before it struck him was when he was on the sidewalk; that while crossing the street he was walking slowly; that when he came within five feet of the track he looked again, and when asked why he looked both ways for a car when within five feet

of the track he stated that there might be a horse coming. The car which struck plaintiff had a brilliant headlight then burning, and while plaintiff was completely deaf his eyesight was good and he could have seen the car. *Held*, that he was guilty of contributory negligence.

**2. SAME—ACTION—INSTRUCTIONS.**

In an action against a street railway company for injuries received while crossing defendant's track, an instruction that if the jury found that, when plaintiff started across the street, the car was at such a distance as to warrant the assumption of safety by plaintiff in the attempt to cross, it was immaterial whether he looked or did not look to observe the approaching car, was erroneous, as authorizing the jury to ignore circumstances that supervened from the time at which plaintiff observed the car until he was struck.

Appeal from Trial Term, New York County.

Action by Waldo R. Margulies, an infant, against the Interurban Street Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, HOUGHTON, and SCOTT, JJ.

Henry L. Scheuerman, for appellant.
Louis Hicks, for respondent.

PATTERSON, J. On the plaintiff's own testimony given on the trial of this action, it is apparent that he has not sustained the burden which rested upon him of showing freedom from contributory negligence, inducing the accident from which he suffered grievous injuries. On the evening of February 14, 1903, he was at the north crosswalk of 148th street and Amsterdam avenue, on the westerly side of the street. He was intending to cross to the northeast corner of the avenue. He looked up and down the avenue before starting, and saw that there was a car advancing on the north-bound or easterly track of the defendant's railway. He vaguely locates it somewhere between 145th and 147th streets. He says he crossed the south-bound or westerly track, intended to pass over the north-bound track, but before he could do so he was struck by a car, with very disastrous consequences to himself. He testifies that the accident occurred at 8 o'clock at night; that the only time he saw the car was when he was on the sidewalk on the west side of the avenue, north of 148th street; that his sight was good, and that, while crossing the avenue, he was walking almost slowly; that, when he came within five feet of the north-bound track, he looked again, and when asked why he looked both ways for a car when within five feet of the north-bound track he stated that there might be a horse coming from the north—so that he not only looked when he was at this short distance from the north-bound track, but gave a reason which induced him to look, thus showing deliberation and purpose in looking a second time.

It is established by the proof that the car which struck the plaintiff had a brilliant headlight then burning, and it is scarcely conceivable that the plaintiff at a distance of five feet, looking for a car, should have failed to see it. It is true that his attention could not have been arrested by the noise of the car, for he was completely deaf, but his eyesight was good. If he saw the car, he certainly stepped in front of

it recklessly.  If he did not see it, he should have seen it; and in such circumstances, by his own statement, he was negligent.   Strickland v. N. Y. C. & H. R. R. R. Co., 88 App. Div. 371, 84 N. Y. Supp. 655; Daniels v. Staten Island R. R. Co., 125 N. Y. 407, 26 N. E. 466; Hadigan v. Third Avenue R. R. Co., 68 App. Div. 123, 74 N. Y. Supp. 143; Kappus v. Met. St. Railway Co., 82 App. Div. 13, 81 N. Y. Supp. 442.  It is true that the case was submitted to the jury upon all the facts.  The plaintiff was an infant, and upon all the evidence the court charged the jury that:

"In determining whether an infant, though he be sui juris, is chargeable with contributory negligence, his acts are to be considered with reference to his age, development, condition and ability, mental and physical."

Without commenting upon the correctness of that instruction in this particular case, it is obvious that this plaintiff, although suffering from certain infirmities, was a youth of good understanding and of education. The accident occurred in February, 1903, and we find him in June of the same year, after the accident occurred, taking the regents' examinations.   There is nothing in the whole record which would indicate that the plaintiff was absolved from the responsibility of endeavoring to protect himself when he was in imminent peril of almost immediate contact with the car which ran him down.

Even if the views thus far expressed are not controlling, the judgment appealed from must be reversed because of an erroneous instruction to the jury which must have been influential in bringing about their verdict.   At the request of the plaintiff, the court charged as follows:

"If the jury find from the evidence that, when the plaintiff started to cross Amsterdam avenue, the car was at such a distance as to warrant the assumption of safety by the plaintiff in the attempt to cross, it is immaterial whether plaintiff looked or did not look to observe the approaching car."

It is apparent, we think, that this instruction was unnecessary, inappropriate, and misleading.   It took away from the consideration of the jury every incident connected with the plaintiff's acts in crossing the street, and left to their determination the simple question of the distance of the car from the plaintiff when he first observed it as warranting his assumption of safety in an attempt to cross; that is to say, if the car was far enough away to enable the plaintiff to cross, irrespective of all other conditions, he was absolved from any obligation of attention or observation.   It is argued that support for this request is to be found in the case of Monck v. Brooklyn Heights R. R. Co., 97 App. Div. 447, 90 N. Y. Supp. 818, but we do not understand that case to go so far.   The instruction given in this case enabled the jury to ignore every circumstance that supervened between the time at which the plaintiff observed the car on the north-bound track until he was struck, if they should find that, when the plaintiff undertook to cross, the car was at a sufficient distance to enable him to cross in safety.   The instruction is contrary to what was held in Lynch v. Third Ave. R. R., 88 App. Div. 604, 85 N. Y. Supp. 180; Du Frane v. Met. Street Railway Co., 83 App. Div. 303, 82 N. Y. Supp. 1; Greene v. Met. Street Railway Co., 100 App. Div. 304, 91 N. Y. Supp. 426; Biederman v. Dry Dock Co., 54 App. Div. 294, 66 N. Y. Supp. 594; Barney v. Met.

Street Railway Co., 94 App. Div. 395, 88 N. Y. Supp. 335; Furlong v.
Met. Street Railway Co., 103 App. Div. 217, 92 N. Y. Supp. 1008;
Knapp v. Met. Street Railway Co., 103 App. Div. 253, 92 N. Y. Supp.
1071; Lofsten v. Bklyn. Heights R. R. Co., 184 N. Y. 148, 76 N.
E. 1035.

The judgment and order appealed from should be reversed, and a
new trial ordered, with costs to appellant to abide the event.

McLAUGHLIN, HOUGHTON, and SCOTT, JJ., concur.

INGRAHAM, J.    I concur on the ground of error in the charge as
stated in PATTERSON'S, J., opinion.