MacLEAN, J. The stories of the parties differ in details. Neither sustains the recovery of judgment for a commission. In some ways the more favorable is that of the plaintiff who and whose witnesses testified that the defendant came in the morning of the 12th or 13th of last December, saying he had an option on a corner in the Bronx on which he could do business, if closed at the latest at 3 o'clock that afternoon, and that, if he got $9,250, he would give the plaintiff $150. There was some talk about what payments would be needed. The plaintiff saw his customer, one Houlihan, and all three, with Houlihan's lawyer, went to some place in Allen street, the office of the owners' attorney, from whom they learned the terms, which Houlihan endeavored to meet with the assistance of all; but this he could not do, though he and his lawyer and both parties worked for hours, and the attorney waited until 7 o'clock in the evening, as the terms included a down payment of $1,000, and the most produced was a "roll of bills" of unverified amount and a certified check for $500, which the attorney declined to take and which a neighboring bank refused to cash at its face. Thus the transaction dropped, upon the failure of the plaintiff to produce a purchaser ready and able to buy the property upon the terms laid down by the sellers. The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

---

(52 Misc. Rep. 577)

### STASSEN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.   February 11, 1907.)

STREET RAILROADS—INJURIES TO PERSON ON TRACK—CONTRIBUTORY NEGLIGENCE.

Where plaintiff testified that when he was on a crossing, and within three or four feet of the track, he heard the noise of a wagon, and looked in the direction from which the sound came, and saw the wagon, but did not see any car, and the car was then five or six feet away in the same direction from plaintiff as the wagon, and he was struck by the car when he stepped on the track, the evidence showed him guilty of contributory negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads, §§ 207, 208.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by William F. Stassen against the New York City Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

William E. Weaver, for appellant.
Goodale & Hanson, for respondent.

PER CURIAM. This is an appeal by the defendant from a judgment in favor of plaintiff, entered upon the verdict of a jury. The plaintiff was struck by a north-bound car while crossing the north

cross-walk of Columbus avenue and 107th street. The accident happened on a clear morning. According to plaintiff's own testimony he looked and saw no car, then walked to within three or four feet of the track, heard a wagon rattling, turned in the direction from which the sound came, looked south, and saw a wagon. He did not see any car, and started to cross over, and was just stepping on the track, when he heard somebody "holler." The car was then five or six feet away. The car struck him and knocked him back in the direction from which he came. Clearly, the plaintiff did not exercise the care which the law requires to establish freedom from contributory negligence. Madigan v. Third Ave. R. R. Co., 68 App. Div. 123, 74 N. Y. Supp. 143.

The judgment, therefore, must be reversed, and a new trial ordered with costs to appellant to abide the event.