NITCHMAN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.    October 6, 1911.)

STREET RAILROADS (§ 117*)—CHILDREN ON TRACK—NEGLIGENCE OF MOTORMAN—NONSUIT.

In an action for injury to a young child by being struck by defendant's street car, a nonsuit *held* to have been improperly granted.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 117.*]

Burr and Rich, JJ., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Kings County.

Action by Agnes Nitchman, an infant, by Adam Nitchman, her guardian ad litem, against the Brooklyn Heights Railroad Company. From a judgment on a nonsuit, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Robert Stewart, for appellant.
D. A. Marsh, for respondent.

WOODWARD, J. This is a nonsuit, and the plaintiff is entitled to the most favorable view of the evidence. The jury might find from the evidence that the plaintiff, a child of five years of age, disobeying the directions of competent persons in charge of her, went down upon the street, the home being at 133 Twentieth street, borough of Brooklyn, and while in the act of crossing Third avenue she was struck by the fender of one of defendant's cars, running at the rate of 8 miles an hour, and not under control, receiving more or less serious injuries. The evidence is to the effect that the block between Twentieth and Twenty-First streets, on Third avenue, is 200 feet long; that it was from 10 to 15 or more feet from the curb to the first line of track on which the car was approaching, running from Twenty-First to Twentieth street; that the plaintiff stepped down from the curb when the car was at Twenty-First street, and when she was about in the middle of the block, and started to walk across the street diagonally, facing the car; that the car came forward, running at about 8 miles an hour, sounding no warnings, and that the child had stepped over the first rail when she was hit by the fender; and that the car, then 100 feet from Twentieth street, did not stop until it had reached the latter street, and then only because the trolley pole had in some manner been removed from the wire.

It is undoubtedly true, as suggested, that in the case of adults there is no obligation on the part of the motorman to slacken his speed or sound an alarm until the danger of a collision is apparent (Jackson v. Union Ry. Co., 77 App. Div. 161, 78 N. Y. Supp. 1096; Kappus v. Metropolitan St. Ry. Co., 82 App. Div. 13, 81 N. Y. Supp. 442; Barney v. Met. St. Ry. Co., 94 App. Div. 388, 88 N. Y. Supp. 335; but it cannot be that this is the rule to be applied in the case of an infant of five years of age, who is upon the street alone, and who is in a position to be seen by the motorman, no vehicles obstructing the way. Children of this tender age are not, as a matter of law, to be charged with that degree of judgment and care which would be required of men and women of mature years, and it cannot be said, as a matter of law, that a motorman is justified in refraining from reducing the speed of his car or giving warning until the collision is imminent. It is the duty of the motorman to operate his car with ordinary care, having reference to the dangers to be apprehended, and every man of ordinary intelligence knows that children of tender years may reasonably be expected to do many things which would not be regarded as prudent on the part of older people, and the jury might have found,

in this case, that the defendant's motorman owed the duty of giving warning and of stopping his car to avoid the accident.

Nor do I think it could be said as a matter of law that the parents of this child, or those charged with her care, were guilty of contributory negligence. The evidence discloses that the family lived in a flat, one floor above the street; that the mother was ill, and the children were in the immediate charge of the mother's sister, who appears to have been of sufficient age to do the work of the household; and that the sister left the children in the kitchen of the home, telling them that she was going to a store to get food for the evening meal, and directing them to stay there and play until she returned home. Just how the child got out and away from the other children does not appear, but the case is certainly not devoid of competent evidence of some degree of care, and the question was one for the jury, not for the court. The judgment appealed from should be reversed, and a new trial granted.

Judgment reversed, and new trial granted; costs to abide the event.

HIRSCHBERG, J., concurs. JENKS, P. J., concurs in result, on the ground that point 1 of respondent's points, now relied upon, was not presented in the motion to dismiss. BURR and RICH, JJ., dissent.