CAROLINE UNGER, as Administratrix, etc., of MINNIE UNGER, Deceased, Appellant, *v.* BELT LINE RAILWAY CORPORATION, Respondent.

Second Department, April 5, 1918.

Trial — practice — reserved motion for nonsuit — when court cannot dismiss upon merits — railroads — negligence — death of pedestrian caught between cars moving in opposite directions — when intestate not chargeable with contributory negligence as matter. of law — error of judgment caused by emergency.

Where the court reserved decision of the defendant's motions to dismiss the complaint made both at the close of the plaintiff's case and at the end of the whole case, but submitted the issues to a jury which rendered a general verdict in favor of the plaintiff, it cannot subsequently dismiss the complaint upon the merits but only has power to grant a new trial, especially where the plaintiff excepted to the reservation of the defendant's motions.

Action to recover for the death of a person who, while attempting to cross a city street, was struck by the defendant's trolley car.   It appeared that the intestate had reached a space four feet wide between the two tracks of the defendant when she discovered that cars were coming in opposite directions.   There was evidence that the car which struck the

plaintiff was proceeding at high speed. Evidence examined, and *held*, that it was error for the court to hold the intestate guilty of contributory negligence as a matter of law, for she found herself in an emergency which might relieve her from errors of judgment.

If the emergency arose in whole or in part from the negligence of the defendant, then the intestate's error of judgment is not charged against her as if contributory negligence.

APPEAL by the plaintiff, Caroline Unger, as administratrix, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Queens on the 4th day of February, 1916, dismissing the complaint upon the direction of the court, and also from an order entered in said clerk's office on the 9th day of December, 1915, granting defendant's motion to set aside the verdict of the jury in plaintiff's favor and to dismiss the complaint.

Defendant moved to dismiss the complaint at the close of plaintiff's case and renewed the motion at the close of the whole case. The court reserved decision on both motions and received the verdict of the jury which was in plaintiff's favor in the sum of $1,500. The court subsequently set aside the verdict and granted the motion to dismiss the complaint.

*Frederick S. Rauber*, for the appellant.

*Alfred T. Davison*, for the respondent.

JENKS, P. J.:

The court granted a motion to dismiss the plaintiff made at the close of the case, an order was made and a judgment was entered that dismisses the plaintiff on the merits. I am of opinion that the judgment cannot stand and that the order must be modified so as to provide a new trial.

The court did not grant the motion until after it had submitted the case to the jury and the jury had returned the general verdict. The judgment cannot stand for two reasons: *First*, the order does state that the dismissal is upon the merits; and, *second*, the court could not make an order that dismissed the plaintiff upon the merits. (*Bail* v. *N. Y., N. H. & H. R. R. Co.* (201 N. Y. 355) decides that the court could grant such a motion as made in that case, but not upon the merits. And in that case the court reached its decision upon consideration that both parties had acquiesced in the deferring

of the decision by the trial court until after the verdict. In the case at bar the plaintiff excepted to the deferment. But this court in its First Department held that the trial court could grant such a motion, but not upon the merits. (*Blyth v. Quinby & Co.,* 148 App. Div. 871.)

The learned trial court decided that the plaintiff's intestate was guilty of contributory negligence as matter of law. But I think that this is not one of these exceptional cases in which the court alone can dispose of the issue of contributory negligence. (*Stackus* v. *New York Centra & H. R. R. R. Co.,* 79 N. Y. 464; *Kettle* v. *Turl,* 162 id. 255.) The plaintiff's intestate, a young woman aged twenty-nine years, was struck by a street surface electric car worked by the defendant. Between 6 and 7 o'clock P. M. of May 23, 1914, the intestate and her sister, Mary L. La Barré, also a woman of mature age, attempted to cross from south to north over Fifty-ninth street between Second and Third avenues in the borough of Manhattan. They started from the curb at some distance from the regular street crossway, and gained the space, four feet wide, between the two car tracks of the defendant. One of defendant's cars was coming from the west and another from the east. When the east-bound car was about twenty feet distant from the two women, the driver of that car was ringing his bell of warning. The evidence indicates that the intestate's attention was drawn to the east-bound car by its bell, and that she instantly stepped forward so as to come in contact with the other car. There is no evidence to indicate that the intestate looked towards the west-bound car before she did so. The evidence indicates that both women, when they left the curb, had seen that car then approaching and about two hundred feet away. If we had but to consider that the intestate, without attempting to look for that car, stepped from a place of safety into collision with the car, then we might agree with the learned trial court that she was guilty of contributory negligence as matter of law. But the circumstances also include the defendant's east-bound car, then close upon the intestate and warning her of its approach. It is not plain that the space between the two tracks was wide enough to promise safety to a woman if she remained in it while two cars passed one another. But it is possible

that if she had stood still she would not have been harmed, and even probable, for the proof is that the east-bound car was halted before it came to the place where the intestate had stood. It is possible that she could have retraced her steps over the first tracks in safety before the east-bound car could come upon her if it continued in its course. But the conduct of the intestate must be considered, in that the circumstances indicate an emergency. If the emergency arose in whole or in part from the negligence of the intestate, then she is not relieved from her error of judgment. But if the emergency arose wholly from the negligence of the defendant, then the intestate's error of judgment is not charged against her as if contributory negligence. (*Schneider* v. *Second Avenue R. R. Co.,* 133 N. Y. 583; *McClain* v. *Brooklyn City R. R. Co.,* 116 id. 469.) The intestate had the right to cross over the street, although she was aware that the defendant's cars were passing to and fro, and she was not bound to wait until moving cars were halted. There is some evidence that the intestate had observed due care after she left the curb and until she gained the space between the tracks. On the other hand, there is evidence that the west-bound car came on at a very high rate of speed, and in view of such an approach and the approach of the defendant's east-bound car — both close at hand — it could not be determined as a matter of law that the emergency was not due wholly to the conduct of the defendant. (See *McCormick* v. *Brooklyn City R. R. Co.,* 10 Misc. Rep. 8; affd., 150 N. Y. 584.)

The negligence charged rests upon the alleged high speed of the west-bound car. The witnesses are much at variance over this feature of the case. The liability of the defendant is not determined only by the question of due care in the working of a single car with reference to the intestate as a traveler across the tracks, at a point where the defendant had the paramount right of way, but in consideration of the circumstances of the two approaching cars of the defendant and of the emergency that thereby confronted the intestate. It is almost vain to marshal the numerous cases, in view of the fact that the circumstances of each case are peculiar, but I may comment upon the analogy of *Boyce* v. *New York City Railway Co.* (126 App. Div. 248) with the case at bar.

The judgment is set aside and the order is modified so as to provide for a new trial, costs to abide the event, without costs of this appeal.

MILLS, RICH, BLACKMAR and KELLY, JJ., concurred.

Judgment set aside and order modified so as to provide for a new trial, costs to abide the event, without costs of this appeal.