SAMUEL BORTZ, an Infant, by ABRAHAM BORTZ, his Guardian· ad Litem, Respondent, *v.* DRY DOCK, EAST BROADWAY AND BATTERY RAILROAD COMPANY, Appellant.

*Negligence — a charge that, notwithstanding the plaintiff's contributory negligence, the defendant was liable if it could by reasonable care "have avoided the consequences of such contributory negligence," when improper.*

In an action brought to recover damages for personal injuries sustained by the plaintiff, an infant two and a half years of age, who, while being led across a street in the city of New York by his thirteen-year-old sister, was run over by one of the defendant's horse cars, there was evidence tending to show that when the accident occurred the driver of the car had his head averted toward the side of the street and was engaged in conversation with a person on the front platform of the car; that he made no effort to stop the car and was apparently not aware of the presence of any person on or near the track until the accident happened.

The plaintiff's sister testified that when she and her brother started to cross the street the car was about twenty-five feet distant; that as they approached the car the plaintiff bent down as if to pick up a penny which he had dropped; that she attempted to pull him across the track, but that he was struck and dragged from her hand; that when she stepped on the track the horses were about two, three or four feet distant from her, and that she had proceeded about two feet past the horses when the child was dragged from her hand.

Upon the whole case a clear issue of contributory negligence was presented for the determination of the jury. The defendant's counsel requested the court to charge that if the plaintiff's sister attempted to lead him across the defendant's railroad track at a time when the car was approaching in full sight and was so near as to make it dangerous for them to proceed, and that the plaintiff's sister rushed across the track two, three or four feet in front of the horses' heads, "leaving her baby brother to his fate," then the sister was guilty of contributory negligence and the jury should render a verdict in favor of the defendant. The court, instead of charging the request so made, modified it by the addition of the following words: " Unless you believe that the defendant's driver could, by the exercise of reasonable care and prudence, have avoided the consequences of such contributory negligence."

*Held,* that the modification of the request was erroneous as the principle embodied in such modification did not apply to the case at bar, but only to cases in which there is established, apart from the original act or omission constituting negligence, some new circumstance or new relation which is the proximate cause of the injury.

APPEAL by the defendant, the Dry Dock, East Broadway and Battery Railroad Company, from a judgment of the Supreme Court

in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of May, 1902, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 28th day of May, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Arthur Ofner*, for the appellant.

*L. B. Treadwell*, for the respondent.

PATTERSON, J.:

The infant plaintiff, two and a half years of age, was injured by being run over by a horse car of the defendant, while such infant was being conducted by his sister, a child thirteen or fourteen years old, across Essex street, between Broome and Grand streets, in the city of New York. The children were crossing at about fifty feet south of Broome street. The car had stopped at Broome street, but there was evidence to show that when the children started from the sidewalk it was in motion. The sister looked before she left the sidewalk and the car was then distant somewhere between twenty-five and forty feet. The speed of the car was rapid. When the accident occurred, the driver of the car was not looking forward, but his head was averted toward the west side of the street and he was engaged in conversation with a person on the front platform of the car. He made no effort to stop the car, and evidently he was not aware of any one being on or near the track until the infant plaintiff was struck, thrown down and injured. The testimony of the sister seems to have been intelligently and honestly given. She swears that the car was twenty-five feet away from her when she started to cross the street holding her little brother by the hand; that as they approached the car, the little boy bent down, as if to pick up a penny he had dropped; she attempted to pull him across the track, but he was struck and dragged from her hand; that when she stepped on the track the horses were about two, or three or four feet distant from her. She had proceeded about two feet past the horses when the child was dragged from her hand.

There was some other evidence to show negligence of the girl in charge of the child, but it is unnecessary to allude particularly to it.

A clear issue of contributory negligence was presented and was referred to by the trial judge in his charge to the jury as being that either of the girl or of the parents of the child. The defendant's counsel requested the court to charge that, if the plaintiff's sister was in fact in charge of the infant plaintiff, and attempted to lead him across defendant's railroad track at a time when the horses attached to defendant's car were approaching in full sight and were so near as to make it dangerous for her to proceed, and that the plaintiff's sister rushed across the track two, three or four feet in front of the horses' heads, " leaving her baby brother to his fate," then the sister, who for the time being was the guardian of the infant plaintiff, was guilty of negligence which contributed to the plaintiff's injury, and the jury should render a verdict in favor of the defendant on that ground. The court, instead of charging that request as made, modified it by the addition of the following words : " Unless you believe that the defendant's driver could, by the exercise of reasonable care and prudence, have avoided the consequences of such contributory negligence."

That was, in effect, charging the jury that if they found the facts to be as stated in the request, the contributory negligence thereby established would not prevent a recovery, if by the exercise of reasonable care and prudence the accident could have been avoided. That modification of the request eliminated from the case the ⌜whole subject of contributory negligence for the reason that on the evidence the jury were entitled to find that the car was not operated by the driver with reasonable care and prudence. The modification of the charge was an application to the concrete case of a rule with respect to contributory negligence which applies only in cases in which some new circumstance is introduced or new relation established, apart from the original act or omission constituting negligence, such new circumstance being the proximate cause of the injury sustained.

In *Rider* v. *Syracuse R. T. Railway Co.* (171 N. Y. 148) the court says that the contributory negligence of the injured party could not be taken from the jury except in cases where it is clear that there was some new act of negligence on the part of the defendant that was the proximate cause of the injury, and in the same case it is said that in determining whether the cause of the acci-

dent is proximate or remote, the same test must be applied to the conduct of both parties.

Here, there was no intervention of a new circumstance. All that was in proof consisted of the continuous negligent conduct of the driver of the car, and the conduct of the custodian of the child under conditions in no way changed by any new fact or circumstance. The proximate cause, so far as the defendant is concerned, was the one act of negligence in careless driving. In *Csatlos* v. *Met. St. Ry. Co.* (70 App. Div. 609) this subject was considered, and some of the cases bearing upon it are cited in the opinion of the court. The present case is altogether unlike those in which a new element is introduced to show that, notwithstanding contributory negligence, by the exercise of reasonable care and prudence of a defendant or its servants the accident could be avoided.

Much stress is laid upon the opinion of the Court of Appeals in *Costello* v. *Third Ave. R. R. Co.* (161 N. Y. 317), but there the facts, as they appeared in the record when that case was in this court, showed that although the injured boy may have placed himself in a position of peril in the first instance and may have been guilty of contributory negligence, yet the motorman of the car, who could have seen the situation had he looked, committed a new act of negligence by suddenly increasing the speed of the car and that act was the proximate cause of the injury.

For the reason above given, the judgment and order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., O'BRIEN, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.